Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CEDAR PARK ASSEMBLY OF GOD OF KIRKLAND, WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> MYRON "MIKE" KREIDLER, in his official capacity as Insurance Commissioner for the State of Washington; JAY INSLEE, in his official capacity as Governor of the State of Washington, <br><br> Defendants. | Civil No. 3:19-cv-05181 <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED VERIFIED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT** <br><br> Noting Date: July 19, 2019 |

Plaintiff Cedar Park Assembly of God of Kirkland, Washington respectfully moves this Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file its Second Amended Verified Complaint, a copy of which is attached hereto.

Plaintiff's First Amended Verified Complaint challenges the constitutionality of SB 6219 (codified at RCW § 48.43.072 and § 48.43.073), which requires Washington employers to provide abortion and abortifacient coverage in their employee health plans. The new complaint maintains the same counts against the same Defendants from Plaintiff's First Amended Verified Complaint, but adds a specific challenge to the constitutionality of the limited religious exemption in RCW § 48.43.065. The new complaint also corrects two factual discrepancies that have been discovered

Plaintiff's Motion for Leave to File Second Amended Verified Complaint
No. 3:19-cv-05181

1

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

since the First Amended Verified Complaint was filed: (1) that Cedar Park's current employee health insurance plan currently inadvertently includes coverage for abortifacients (contrary to information previously provided by the Church's insurance broker), and (2) the deadline for Cedar Park to renew its health insurance plan is September 1, 2019, not August 1, 2019, as previously believed.

## FACTUAL BACKGROUND

Cedar Park filed its Verified Complaint on March 8, 2019. ECF No. 1. Under Rule 15(a)(1), Cedar Park amended its complaint as a matter of course, and filed its First Amended Verified Complaint on April 2, 2019. ECF No. 20. On April 17, 2019, Defendants filed their Motion to Dismiss, ECF No. 25, and briefing on the motion was completed on May 24, 2019. ECF No. 28, 32. Cedar Park filed a Motion for Preliminary Injunction on May 13, 2019, ECF. No. 29, and briefing on that motion was completed on June 21, 2019. ECF No. 35, 38.

In Defendants' Reply in Support of Motion to Dismiss, ECF No. 32 (filed May 24, 2019), and Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, ECF No. 35 (June 10, 2019), Defendants heavily relied on RCW § 48.43.065 to argue that Cedar Park will not be forced to provide insurance coverage for abortion. In doing so, Defendants stated that Cedar Park could be forced to pay increased premiums and fees to their carrier to cover the items not directly covered by their plan if Cedar Park asserts the religious objection in RCW § 48.43.065. ECF No. 32 at 4; ECF No. 35. at 12–13. Defendants also confirmed that the religious objection available to health care providers like Catholic hospitals is much more favorable than that available to Cedar Park, and Defendants admitted that some religious objectors are treated differently. ECF No. 35 at 16.

Plaintiff's Motion for Leave to File Second
Amended Verified Complaint
No. 3:19-cv-05181

2

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

After reviewing Defendants' arguments, it is now clear that Defendants interpret RCW § 48.43.065 in such a way that contributes to the constitutional injury caused by SB 6219 and its underlying statutory scheme. In particular, RCW § 48.43.065 treats some religious organizations more favorably than others. Cedar Park moves to amend its Complaint to specifically challenge RCW §48.43.065 in addition to SB 6219.

Additionally, Defendants alleged in their Opposition to Plaintiff's Motion for Preliminary Injunction that Cedar Park's First Amended Verified Complaint contained factual errors, relying on insurance filings with the Office of the Insurance Commissioner. ECF No. 35 at 6. In particular, Defendants alleged that: (1) the renewal date for Cedar Park's employee health insurance plan is September 1, 2019, not August 1, 2019; and (2) Cedar Park's employee health insurance plan currently provides coverage for abortifacient contraceptives. *Id.* Cedar Park subsequently investigated these allegations, determining that both were correct. Its group health plan does currently provide coverage for abortifacients, despite repeated assurances from its insurance broker that it did not. Cedar Park is now taking steps to exclude abortifacients from its group health plan as soon as possible. Moreover, the Church's plan renews on September 1 rather than August 1. Cedar Park seeks to amend its complaint to correct these recently discovered factual discrepancies.

**ARGUMENT**

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." In the Ninth Circuit, "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC, v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations omitted). The Supreme Court has articulated the following factors the Court should consider when deciding whether to grant leave to amend:

Plaintiff's Motion for Leave to File Second Amended Verified Complaint
No. 3:19-cv-05181

3

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the factors merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

None of the *Forman* factors weighing against leave to amend apply here. The proposed amendment will not cause prejudice because Defendants have already been defending the lawsuit based on the fact that "RCW 48.43.065(3), 48.43.072, and 48.43.073 are part of the same regulatory scheme and must be read together…." Defs.' Mot. to Dismiss at 10, ECF No. 25. Further, Defendants filed a Motion to Dismiss rather than an answer, so they have not yet even responded to the complaint.

The request was not filed with any undue delay; Cedar Park became aware of the circumstances warranting amending its complaint when Defendants filed their Reply in Support of Motion to Dismiss on May 24, 2019, ECF No. 32, and upon Defendants' filing of its Opposition to Plaintiff's Motion for Preliminary Injunction, ECF No. 35, on June 10.

Cedar Park has not failed to correct any deficiencies in its complaint with its prior amendments. The new information prompting the need for Cedar Park's Second Amended Verified Complaint was only discovered after Cedar Park filed its First Amended Verified Complaint.

Cedar Park is not requesting this relief in bad faith or for any dilatory reasons. Rather, Cedar Park seeks to amend to specifically challenge RCW § 48.43.065, which—in conjunction

Plaintiff's Motion for Leave to File Second
Amended Verified Complaint
No. 3:19-cv-05181

4

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

with SB 6219—violates Cedar Park's federal constitutional rights. Cedar Park also seeks to amend to correct inadvertently incorrect factual allegations in its First Amended Verified Complaint.

The proposed amendments are not futile. Defendants' interpretation of RCW § 48.43.065 indicates that statute significantly contributes to the constitutional injury suffered by Cedar Park due to SB 6219 and its underlying statutory scheme.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant Cedar Park's motion for leave to file its Second Amended Verified Complaint.

Respectfully submitted this 3rd day of July 2019,

By: *s/Kevin H. Theriot*
Kristen K. Waggoner (WSBA #27790)
Kevin H. Theriot (AZ Bar #030446)*
Elissa M. Graves (AZ Bar #030670)*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile:  (480) 444-0025
Email: kwaggoner@adflegal.org
　　　　ktheriot@adflegal.org
　　　　egraves@adflegal.org

David A. Cortman (GA Bar #188810)*
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30040
Telephone: (770) 339-0774
Email: dcortman@adflegal.org
*Counsel for Plaintiff*

*Attorneys for Plaintiff Cedar Park Assembly of God of Kirkland, Washington*

* Admitted *pro hac vice*

Plaintiff's Motion for Leave to File Second Amended Verified Complaint
No. 3:19-cv-05181

5

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

# CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jeffrey Todd Sprung
Paul M. Crisalli
ATTORNEY GENERAL'S OFFICE
800 5th Ave
Ste 2000
Seattle, WA 98104

Joyce A. Roper
ATTORNEY GENERAL'S OFFICE
PO Box 40109
Olympia, WA 98504

Marta U. DeLeon
ATTORNEY GENERAL'S OFFICE
PO Box 40100
Olympia, WA 98504
*Counsel for Defendants*

DATED: July 3, 2019     *s/Kevin H. Theriot*
Kristen K. Waggoner (WSBA #27790)
Kevin H. Theriot (AZ Bar #030446)*
Elissa M. Graves (AZ Bar #030670)*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile:  (480) 444-0025
Email: kwaggoner@adflegal.org
       ktheriot@adflegal.org
       egraves@adflegal.org

David A. Cortman (GA Bar #188810)*
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30040

Plaintiff's Motion for Leave to File Second Amended Verified Complaint
No. 3:19-cv-05181

6

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

Telephone: (770) 339-0774
Email: dcortman@adflegal.org

*Attorneys for Plaintiff Cedar Park Assembly of God of Kirkland, Washington*

\* Admitted *pro hac vice*

Plaintiff's Motion for Leave to File Second
Amended Verified Complaint
No. 3:19-cv-05181

7

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020