1

The Honorable Benjamin H. Settle

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9   CEDAR PARK ASSEMBLY OF GOD OF
    KIRKLAND, WASHINGTON,

10                              Plaintiff,

11          v.

12   MYRON "MIKE" KREIDLER, et al.,

13                              Defendants.

NO. 3:19-cv-05181-BHS

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT

NOTED: JULY 19, 2019

14

## I.   INTRODUCTION

15      Plaintiff Cedar Park Assembly of God of Kirkland, Washington (Cedar Park) seeks leave

16   to file a Second Amended Complaint that (1) modifies two facts that it recognizes were incorrect

17   in its first two Complaints, and (2) adds a discussion of RCW 48.43.065(3). The Court should

     deny the Motion because the proposed amendments are futile.

18      Cedar Park's proposed amendments do not change its claims for relief or its theory of

19   the case. The amendments merely conform Cedar Park's Complaint to the arguments the parties

20   have made on the State of Washington's Motion to Dismiss and Cedar Park's Motion for

21   Preliminary Injunction. Because the amendments add no new material facts, Cedar Park

22   continues to lack standing, its proposed claims are not ripe, and in any event, under the doctrine

23   of primary jurisdiction, the Court should allow the Insurance Commissioner to complete his

24   rulemaking process. In addition, Cedar Park's amendments fail to cure the key deficiency in its

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT
NO. 3:19-cv-05181

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

legal claims—that there is no factual or legal basis to conclude that Substitute Senate Bill (SSB) 6219 and RCW 48.43.065 will require it to pay for insurance coverage for services to which it objects.

Cedar Park's claims would fail even if the Court granted it leave to file the Second Amended Complaint. Accordingly, Cedar Park's Motion to Amend should be denied.

## II.    FACTS

Cedar Park moves to amend its Complaint to expressly incorporate into its theory of the case its recognition of Washington's statutory scheme for protecting conscience rights a recognition it has gradually gained during the course of this case. Its new allegations describing RCW 48.43.065 do not change its claims for relief or its theory that Washington law unconstitutionally requires it to pay for insurance coverage for services to which it objects. Its Proposed Second Amended Complaint does not change the counts contained in its prior complaints.

Cedar Park's Proposed Second Amendment Complaint does five things:

1.    It expands the description of the general terms of RCW 48.43.065 from one paragraph in the First Amended Complaint (Dkt. # 20 at ¶ 57) to three paragraphs, Dkt. # 42-1 at ¶¶ 59-61;

2.    It describes the conscience-based exemptions in RCW 48.43.065 applicable to religious carriers, providers, and health care facilities, Dkt. # 42-1 at ¶¶ 62-64;

3.    It alleges that conscience-based exemptions for religious organizations and individuals are more limited because their insurance carriers must ensure that their objections do not result in the denial of coverage to their enrollees, Dkt. # 42-1 at ¶¶ 65-71;

4.    It alleges in the body of its Complaint the theory stated in Count II of the First Amended Complaint, that Washington law treats different religious groups differently, Dkt. # 42-1 at ¶ 72; and

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT
NO. 3:19-cv-05181

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

5.       It adds a reference to RCW 48.43.065 to each of its counts. *See, e.g.*, Dkt. # 42-1 at ¶¶ 107, 113 127-28, 130, 139, 143, 151, 156, 158, 162, 166-68, 171.

In addition, the proposed Second Amended Complaint corrects two factual errors in its earlier Complaints that were pointed out by the State of Washington: that Cedar Park's current health plan in fact covers what it terms "abortifacient" contraceptives; and its current health plan expires on September 1, 2019 rather than August 1, 2019. Dkt. # 42-1 at ¶¶ 48, 87.

The above additions to the Complaint express what the parties already have addressed in prior briefs. In Washington's Motion to Dismiss, it pointed out that Cedar Park's initial Complaint had missed RCW 48.43.065(3), which allows employers such as Cedar Park to refuse to purchase coverage for services to which they have a religious objection. Dkt. # 25, *passim*. Cedar Park was forced to address this subsection, and it argued in its Opposition that under this provision it still would be required to pay increased premiums for the services to which it objected, and the statute treated it differently from other religious objectors—the crux of the proposed amendments in the Second Amended Complaint. Dkt. # 28 at pp. 1, 4-8, 11, 16-17. Likewise, in its subsequently filed Motion for Preliminary Injunction, Cedar Park made the same arguments. *See* Dkt. # 29 at pp. 6, 8, 13-14, 20-21.

Washington's Motion to Dismiss made four main arguments: (1) Cedar Park had not suffered an injury in fact; (2) its claims were not ripe; (3) the Complaint should be dismissed under the primary jurisdiction doctrine; and (4) Cedar Park failed to state a claim upon which relief could be granted. Dkt. # 25. Washington's Reply particularly highlighted Cedar Park's failure to allege facts necessary to establish standing, ripeness, and the merits of its claims:

> Cedar Park nowhere alleges that: (1) it attempted to purchase a new health care plan or to renew its current plan in a way that excludes coverage of abortion or abortifacient contraceptives; (2) such a plan is unavailable because of SSB 6219; (3) the Insurance Commissioner denied health plans that exclude coverage of abortion or contraceptives it views as "abortifacient" on religious grounds; (4) a carrier in the Washington market refused to sell them a plan consistent with their religious objections; and (5) the Insurance Commissioner or Governor directed carriers to ignore or reject religious objections to services required by SSB 6219.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT
NO. 3:19-cv-05181

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   Dkt. # 32 at p. 2. The proposed Second Amended Complaint does not attempt to address these
2   asserted deficiencies.

3          In responding to Cedar Park's assertion that RCW 48.43.065 will nonetheless require it
4   to purchase coverage for services to which it objects, Washington pointed out that the statute
5   and persuasive opinions from the Attorney General all explain that RCW 48.43.065 rebut the
6   interpretation that carriers must charge objectors for the services to which they object. Dkt. # 32
    at pp. 2-6. Washington explained that insurance carriers have a panoply of options that would
7   avoid forcing religious objectors to pay "correspondingly higher premiums" for objected-to
8   services. Dkt. # 32 at p. 5 (citing Dkt. # 28 at p. 20). The proposed Second Amended Complaint
9   does not add allegations differing from the arguments Cedar Park previously made in response
10  to these facts.

11         In response to Cedar Park's equal protection claim, Washington argued that SSB 6219
12  and RCW 48.43.065 distinguish between the functions entities have in the health insurance
13  market—whether they are health care providers, insurers, or employers—and not between
    religious organizations. Dkt. # 35 at p. 16. The proposed Second Amended Complaint does not
14  add to Cedar Park's arguments in response to this point.

15                                 **III.    ARGUMENT**

16  **A.    Legal Standards**

17         Under Fed. R. Civ. P. 15(a), "[a]fter a party has amended a pleading once as a matter of
18  course, it may only amend further after obtaining leave of the court, or by consent of the adverse
19  party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003);
    *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011). "In the absence of any apparent
20  or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,
21  repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the
22  opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to
23  amend is freely given. *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S.
24  178, 182 (1962)).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT
NO. 3:19-cv-05181

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

2    Where, however, "amendment would not cure the deficiencies in the complaint," leave

3    to amend should be denied. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 297 (9th Cir. 1990). A

4    "district court does not err in denying leave to amend where the amendment would be futile."

5    *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017) (quoting *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). An amendment

6    is futile when "no set of facts can be proved under the amendment to the pleadings that would

7    constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209,

8    214 (9th Cir. 1988). In *Missouri*, for example, the plaintiffs sought to amend their complaint to

9    add allegations that they were harmed by the defendant's conduct. The additional allegations,

10   however, did not dispel the "contingent and uncertain nature" of their injury. *Missouri ex rel. Koster*, 847 F.3d 656. Because the new allegations continued to be insufficient to support

11   standing, the Ninth Circuit affirmed the denial of the plaintiffs' motion to amend. *Id.*

12   **B.    Leave to Amend Is Futile Because Cedar Park's Claims Are Non-Justiciable**

13        Cedar Park's proposed amendments fail to cure its fatal justiciability problems. None of

14   the proposed additions show that Cedar Park has standing to bring its claims, that its claims are

     ripe, or that the primary jurisdiction doctrine should not apply. The proposed Second Amended

15   Complaint does not add allegations that Cedar Park attempted to obtain the health plan it desires

16   but was prevented from doing so by SSB 6219 and RCW 48.43.065. It does not allege that its

17   desired plan is unavailable in the market, or that the Insurance Commissioner has refused to

18   approve the plan it desires because of SSB 6219. Nor does it claim that Cedar Park found the

     plan it seeks but nevertheless will be charged for services to which it objects.

19        In addition, the proposed Second Amended Complaint does not allege that either the law

20   or facts require an insurance carrier's to pass on the costs of the objected-to services to the

21   objecting employer as the only permissible method of complying with RCW 48.43.065. As

22   pointed out by Washington, there are other methods by which a carrier may comply with RCW

23   48.43.065. These include distributing the risk to other, non-objecting employers who purchased

24   the same large group plan; funding the services through third parties like related foundations or

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT
NO. 3:19-cv-05181

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

grant-funding sources; or distributing the risk to all employers who purchased the same large group plan so the overhead is a generally applicable cost. And in some cases, providing the services to enrollees for free could be more cost-effective because of the relatively higher costs of maternity and pediatric care. *See* Dkt. # 35 at pp. 12-13.

Granting leave to file the Second Amended Complaint would be futile, because Cedar Park still has suffered no injury in fact, its claims still are not ripe, and the primary jurisdiction doctrine counsels in favor of first allowing the Insurance Commissioner to seek to harmonize SSB 6219 with the religious exemption in RCW 48.43.065. Because the proposed Second Amended Complaint would be subject to dismissal on these grounds, the Court should deny Cedar Park's Motion to Amend.

**C.      Leave to Amend is Futile Because Cedar Park's Claims Fail as a Matter of Law**

The Proposed Second Amended Complaint does not change the claims asserted by Cedar Park, and its proposed amendment is futile because those claims fail as a matter of law. The Second Amended Complaint simply rehashes the flawed legal arguments Cedar Park already made in its briefs.

For example, turning to Cedar Park's proposed free exercise claim, as previously pointed out by Washington, RCW 48.43.065 and SSB 6219 do not treat churches less favorably than other religious institutions. To the extent they distinguish between religious health providers and religious employers, it is because of their different roles in the health care market and not anything connected to religion. For these reasons, Cedar Park's proposed amended equal protection and establishment clause claims also fail. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167-68 (9th Cir. 2005) ("Evidence of different treatment of unlike groups does not support an equal protection claim."). And since Cedar Park simply adds citations to RCW 48.43.065 in its religious autonomy count, the analysis remains the same. Cedar Park's proposed Second Amended Complaint still fails to state a claim upon which relief could be granted, and it would be futile for this Court to grant leave for Cedar Park to file it.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT
NO. 3:19-cv-05181

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## IV.   CONCLUSION

For the foregoing reasons, Cedar Park's Motion for leave to file its Second Amended Complaint should be denied.

DATED this 15th day of July, 2019.

ROBERT W. FERGUSON
Attorney General

*/s/ Paul M. Crisalli*
JEFFREY T. SPRUNG, WSBA #23607
PAUL M. CRISALLI, WSBA #40681
MARTA DELEON, WSBA #35779
JOYCE A. ROPER, WSBA #11322
Assistant Attorneys General
Attorneys for Defendants

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT
NO. 3:19-cv-05181

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

## **DECLARATION OF SERVICE**

2      I hereby declare that on this day I caused the foregoing document to be electronically

3 filed with the Clerk of the Court using the Court's CM/ECF System which will send notification

4 of such filing to the following:

5      Kristen K. Waggoner
       Kevin H. Theriot
6      Elissa M. Graves
       Alliance Defending Freedom
       15100 N 90th Street
7      Scottsdale, AZ 85260
       KWaggoner@adflegal.org
8      KTheriot@adflegal.org
       EGraves@adflegal.org
9      *Attorneys for Plaintiff*

10     David A. Cortman
       Alliance Defending Freedom
       1000 Hurricane Shoals Rd. NE
11     Suite D-1100
       Lawrenceville, GA  30040
12     DCortman@adflegal.org
       *Attorney for Plaintiff*

13     DATED this 15th day of July, 2019, at Seattle, Washington.

14

15                                              /s/ Paul M. Crisalli
                                                PAUL M. CRISALLI, WSBA #40681
                                                Assistant Attorney General
16

17

18

19

20

21

22

23

24