Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CEDAR PARK ASSEMBLY OF GOD OF KIRKLAND, WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> MYRON "MIKE" KREIDLER, in his official capacity as Insurance Commissioner for the State of Washington; JAY INSLEE, in his official capacity as Governor of the State of Washington, <br><br> Defendants. | Civil No. 3:19-cv-05181 <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL VERIFIED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT** <br><br> Noting Date: October 18, 2019 |

Plaintiff Cedar Park Assembly of God of Kirkland, Washington respectfully moves this Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file its Supplemental Verified Complaint, a copy of which is attached hereto.

Plaintiff's Second Amended Verified Complaint challenges the constitutionality of SB 6219 (codified at RCW § 48.43.072 and § 48.43.073), which requires Washington employers to provide abortion and abortifacient coverage in their employee health plans, as well as RCW § 48.43.065, which treats some religious organizations more favorably than others. The Supplemental Complaint adds important facts that occurred following the filing of Plaintiffs' Motion for Leave to File Second Amended Verified Complaint, including: (1) Because of SB

Plaintiff's Motion for Leave to File
Supplemental Verified Complaint
No. 3:19-cv-05181

1

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

6219, Cedar Park's insurer, Kaiser Permanente, is currently requiring Cedar Park to include insurance coverage for abortion in its health insurance plan that was renewed on September 1, 2019, (2) Kaiser Permanente's refusal to accommodate Cedar Park's objection pursuant to RCW § 48.43.065, and (3) Kaiser Permanente will change the Church's plan mid-year to eliminate coverage of abortion only if SB 6219 is enjoined or otherwise becomes inapplicable.

## FACTUAL BACKGROUND

Cedar Park filed its Verified Complaint on March 8, 2019. ECF No. 1. Under Rule 15(a)(1), Cedar Park amended its complaint as a matter of course, and filed its First Amended Verified Complaint on April 2, 2019. ECF No. 20. On April 17, 2019, Defendants filed their Motion to Dismiss, ECF No. 25, and briefing on the motion was completed on May 24, 2019. ECF No. 28, 32. Cedar Park filed a Motion for Preliminary Injunction on May 13, 2019, ECF. No. 29, and briefing on that motion was completed on June 21, 2019. ECF No. 35, 38.

On July 3, Cedar Park filed a Motion for Leave to File Second Amended Verified Complaint, which sought to add a constitutional challenge to the limited religious exemption contained in RCW § 48.43.065, as well as clarify two factual discrepancies. ECF No. 42. Briefing on that motion concluded on July 19, 2019. ECF No. 43, 44.

On August 2, the Court granted Defendants' Motion to Dismiss, denied Cedar Park's Motion for Preliminary Injunction, and granted Cedar Park's Motion for Leave to File Second Amended Verified Complaint. ECF No. 45. In accordance with the Court's order, Cedar Park filed its Second Amended Verified Complaint on August 15, 2019. ECF No. 46.[1]

---

[1] The contents of the Second Amended Verified Complaint were finalized at the time of the filing of Cedar Park's Motion for Leave to File Second Amended Verified Complaint on July 3, 2019, as Cedar Park was required to attach a red line copy of the Second Amended Verified Complaint to its motion. Local Rule 15. In accordance with the Court's August 2, 2019 order, Cedar Park filed an identical Second Amended

Plaintiff's Motion for Leave to File
Supplemental Verified Complaint
No. 3:19-cv-05181

2

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

On August 14, 2019, Cedar Park was informed that its insurance provider, Kaiser Permanente, would require Cedar Park to include abortion coverage in its health care plan set to renew on September 1, 2019. Due to the late notice from Kaiser and the Church's commitment to care for its employees through the continuity of health care coverage, Cedar Park made the decision to renew its insurance plan beginning September 1, 2019, and did so under protest.  Kaiser Permanente further informed Cedar Park that it would not be accommodating any abortion exclusions for fully insured groups such as Cedar Park, and would therefore not permit Cedar Park to invoke the limited religious exemption in RCW § 48.43.065, which allows Cedar Park to refuse to directly provide coverage for abortion or abortifacient contraceptives (but still allows the insurer to charge Cedar Park a separate premium or fee for the objectionable coverage).

These facts are crucial to Cedar Park's challenge to SB 6219 and RCW § 48.43.065, and therefore Cedar Park seeks to supplement its Second Amended Verified Complaint to add these significant factual developments that were discovered after the filing of Cedar Park's Second Amended Verified Complaint.

**ARGUMENT**

Federal Rule of Civil Procedure 15(d) provides: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

"Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience. Its use is therefore favored." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (internal citations omitted). This Court has held

---

Verified Complaint on August 15, 2019 (with changes no longer in red line), the contents of which were finalized on July 3, 2019.

Plaintiff's Motion for Leave to File
Supplemental Verified Complaint
No. 3:19-cv-05181

3

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

that "the threshold consideration for the district court is whether the supplemental facts connect the supplemental pleading to the original pleading. Even if the district court determines that a motion to supplement meets the threshold consideration, it may still deny the motion if it finds undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Holmberg v. Vail*, No. C11–5449, 2012 WL 3144929 at *2 (W.D. Wash. Aug. 1, 2012) (internal citations omitted). "Events occurring since the filing of the original complaint must have 'some relationship' to the claims in the original." *Na'Im v. Sophie's Arms Fine Residences*, No. 13-cv-2515, 2014 WL 12479583 at *1 (S.D. Cal. May 27, 2014) (citing *Keith*, 858 F.3d at 468). "As such, a supplemental pleading is designed to bring the action 'up to date' and to set forth new facts affecting the controversy that may have occurred since the original pleading was filed." *Id*. (citing *Manning v. City of Auburne*, 953 F.2d 1355, 1359–60 (11th Cir. 1992)).

Consistent with this lenient standard, the Court should grant Cedar Park leave to file its Supplemental Verified Complaint under Fed. R. Civ. P. 15(d).

**A. The facts contained in the Supplemental Verified Complaint relate to the claims contained in the Second Amended Verified Complaint.**

The recently discovered facts in Cedar Park's Supplemental Verified Complaint relate to the claims in the Second Amended Verified Complaint. Cedar Park's Second Amended Verified Complaint did not contain information on how Kaiser Permanente intended to act following Cedar Park's objection to the provision of abortion coverage, as the insurer had not yet determined how SB 6219 applied to Cedar Park's insurance plan set to renew on September 1, 2019.  This Court previously held that Cedar Park lacked standing because "there is no evidence about how insurance carriers have responded to an employer's attempt to invoke its conscience objections under RCW 48.43.065(3)." ECF No. 45 at 12.

Plaintiff's Motion for Leave to File
Supplemental Verified Complaint
No. 3:19-cv-05181

4

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

Following Cedar Park's Motion for Leave to File Second Amended Verified Complaint, Kaiser Permanente informed Cedar Park that (1) Cedar Park would be required to provide abortion insurance coverage, and (2) Kaiser Permanente would not allow any abortion exclusions for any fully-insured groups pursuant to RCW § 48.43.065. Therefore, these facts show how Kaiser has responded to Cedar Park's conscientious objections under RCW § 48.43.065, which this Court found central to Cedar Park's standing to pursue its claims. The Supplemental Verified Complaint merely adds these factual allegations that have developed since Cedar Park sought leave to file its Second Amended Verified Complaint. These new facts bring the action "up to date," and will allow for a full resolution of Cedar Park's claims. *See Na'Im v. Sophie's Arms Fine Residences*, No. 13-cv-2515, 2014 WL 12479583 at *1 (citing *Manning*, 953 F.2d at 1359–60).

**B. Defendants will not be prejudiced by the filing of Cedar Park's Supplemental Verified Complaint.**

Defendants will suffer no prejudice if this Court grants Cedar Park's motion for leave to file its Supplemental Verified Complaint. Importantly, Defendants are already aware of these facts, as they were cited in Cedar Park's Renewed Motion for Preliminary Injunction filed on September 13, 2019. ECF No. 49 at 1, 3–4; *see also* ECF No. 50 at 1–2 (Exhibit A to Cedar Park's Renewed Motion for Preliminary Injunction). Because the newly discovered facts relate to the claims already contained in Cedar Park's Second Amended Verified Complaint, Defendants were on notice that such factual development was likely.

**C. There are no additional considerations warranting the denial of Cedar Park's request to file its Supplemental Verified Complaint.**

Cedar Park has brought this matter to the Court's attention promptly, and has not unduly delayed notifying this Court or Defendants of the significant factual developments in this case. While the deadline to amend pleadings was August 1, 2019, Cedar Park only became aware of

Plaintiff's Motion for Leave to File
Supplemental Verified Complaint
No. 3:19-cv-05181

5

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

1  these factual developments on August 14, 2019, and its new insurance plan did not take effect until

2  September 1, 2019. At this time, Defendants have not filed an answer to Cedar Park's Second

3  Amended Verified Complaint.

4      The supplemental facts are not futile. As this Court has already held, the response of Cedar

5  Park's insurer to SB 6219 and RCW § 48.43.065 is important to Cedar Park's standing, and

6  therefore these additional facts are necessary for the adjudication of Cedar Park's claims. ECF No.

7  45 at 12. This motion is not brought in bad faith or for any improper reason.

## CONCLUSION

9      For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant Cedar

10  Park's motion for leave to file its Supplemental Verified Complaint.

11      Respectfully submitted this 3rd day of October 2019,

By: *s/Kevin H. Theriot*
Kristen K. Waggoner (WSBA #27790)
Kevin H. Theriot (AZ Bar #030446)*
Elissa M. Graves (AZ Bar #030670)*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile:  (480) 444-0025
Email:  kwaggoner@adflegal.org
       ktheriot@adflegal.org
       egraves@adflegal.org

David A. Cortman (GA Bar #188810)*
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30040
Telephone: (770) 339-0774
Email: dcortman@adflegal.org
*Counsel for Plaintiff*

*Attorneys for Plaintiff Cedar Park Assembly of God of Kirkland, Washington*

* Admitted *pro hac vice*

Plaintiff's Motion for Leave to File
Supplemental Verified Complaint
No. 3:19-cv-05181

6

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jeffrey Todd Sprung
Paul M. Crisalli
ATTORNEY GENERAL'S OFFICE
800 5th Ave
Ste 2000
Seattle, WA 98104

Joyce A. Roper
ATTORNEY GENERAL'S OFFICE
PO Box 40109
Olympia, WA 98504

Marta U. DeLeon
ATTORNEY GENERAL'S OFFICE
PO Box 40100
Olympia, WA 98504
*Counsel for Defendants*

DATED: October 3, 2019        *s/Kevin H. Theriot*
Kristen K. Waggoner (WSBA #27790)
Kevin H. Theriot (AZ Bar #030446)*
Elissa M. Graves (AZ Bar #030670)*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile:  (480) 444-0025
Email: kwaggoner@adflegal.org
       ktheriot@adflegal.org
       egraves@adflegal.org

David A. Cortman (GA Bar #188810)*
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30040

Plaintiff's Motion for Leave to File Supplemental Verified Complaint
No. 3:19-cv-05181

7

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

Telephone: (770) 339-0774
Email: dcortman@adflegal.org

*Attorneys for Plaintiff Cedar Park Assembly of God of Kirkland, Washington*

\* Admitted *pro hac vice*

Plaintiff's Motion for Leave to File
Supplemental Verified Complaint
No. 3:19-cv-05181

8

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020