The Honorable Benjamin H. Settle

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8

9  CEDAR PARK ASSEMBLY OF GOD OF
   KIRKLAND, WASHINGTON,

10              Plaintiff,

11      v.

12  MYRON "MIKE" KREIDLER, et al.,

             Defendants.
13

NO. 3:19-cv-05181-BHS

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL VERIFIED
COMPLAINT

NOTED:  OCTOBER 18, 2019

14          **I.     INTRODUCTION**

15      Plaintiff Cedar Park Assembly of God of Kirkland, Washington (Cedar Park) seeks leave

16  to supplement its Second Amended Complaint by adding three paragraphs alleging that Cedar

    Park purchased a health plan effective September 1, 2019, from an insurance carrier, Kaiser
17
    Permanente, that did not include an accommodation for Cedar Park's religious beliefs. The Court
18
    should deny the Motion because the proposed supplementations are futile.
19
        Once again, Cedar Park's proposed supplementations do not change its claims for relief
20
    or its theory of the case. The amendments conform the complaint to the arguments Cedar Park
21
    has made in its renewed motion for preliminary injunction. Since the amendments add no new
22
    material facts, Cedar Park continues to lack standing, its proposed claims are not ripe, and under
23
    the doctrine of primary jurisdiction, the Court should allow the Insurance Commissioner to
24
    complete his rulemaking process. In addition, Cedar Park's supplementations fail to cure the key

RESPONSE TO MOTION FOR LEAVE
TO FILE SUPPLEMENTAL VERIFIED
COMPLAINT
NO. 3:19-cv-05181

1

deficiency in its legal claims—that there is no factual or legal basis to conclude that SSB 6219 and RCW 48.43.065 will require it to pay for insurance coverage for services to which it objects.

Cedar Park's claims would fail even if the Court granted leave to file the supplemental complaint. Cedar Park's motion should be denied.

## II.    FACTS

Cedar Park seeks to supplement its complaint to add three paragraphs. Those paragraphs would allege that its insurance carrier, Kaiser Permanente, on August 14, 2019, informed Cedar Park that it did not offer a plan that did not cover abortion services. Dkt. # 52-1 at ¶¶ 48.1-48.3. Kaiser Permanente has stated that it will not provide abortion exclusions to fully insured groups. *Id.* at ¶ 48.2. Cedar Park renewed its plan anyway. *Id.* at ¶ 48.1. Kaiser Permanente will change the plan mid-year to eliminate coverage for abortion services if SB 6219 is enjoined. *Id.* at 48.3.

The supplementation also indirectly alleges an incorrect legal analysis that RCW 48.43.065 allows Cedar Park to refuse to provide coverage for abortion or "abortifacient contraceptives" while still allowing the insurer to charge Cedar Park a separate premium or fee for the objectionable coverage. *Id.* at ¶ 48.2.

Throughout this litigation, Washington has made four main arguments:  (1) Cedar Park had not suffered an injury in fact; (2) its claims were not ripe; (3) the Complaint should be dismissed under the primary jurisdiction doctrine; and (4) Cedar Park failed to state a claim upon which relief could be granted. Dkt. # 25. In prior briefing explaining why those arguments are correct, Washington has highlighted the fatal problems with Cedar Park's allegations:

> Cedar Park nowhere alleges that:  (1) it attempted to purchase a new health care plan or to renew its current plan in a way that excludes coverage of abortion or abortifacient contraceptives; (2) such a plan is unavailable because of SSB 6219; (3) the Insurance Commissioner denied health plans that exclude coverage of abortion or contraceptives it views as "abortifacient" on religious grounds; (4) a carrier in the Washington market refused to sell them a plan consistent with their religious objections; and (5) the Insurance Commissioner or Governor directed carriers to ignore or reject religious objections to services required by SSB 6219.

Dkt. # 32 at 2.

RESPONSE TO MOTION FOR LEAVE
TO FILE SUPPLEMENTAL VERIFIED
COMPLAINT
NO. 3:19-cv-05181

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

In dismissing Cedar Park's first amended complaint, the Court agreed that there were these deficiencies. The Court nonetheless granted Cedar Park leave to file its second amended complaint for the sole purpose to flesh out an allegation that RCW 48.43.065 discriminates between religious insurance carriers, providers, and facilities and religious employers. Dkt. # 45. While the supplementations address a few of those factual deficiencies, they do not address them all. And the supplementations do not address the limited issue that this Court allowed to proceed.

### III.    ARGUMENT

#### A.    Legal Standards

Under Fed. R. Civ. P. 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The legal standard on a motion to supplement under Rule 15(d) is the same as for amending a pleading under Rule 15(a). *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). "[L]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Asco Props., Inc v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The Court should also consider whether permitting the supplemental pleading will "serve to promote judicial efficiency." *Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

Where "amendment would not cure the deficiencies in the complaint," leave to amend or supplement should be denied. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 297 (9th Cir. 1990). A "district court does not err in denying leave to amend where the amendment would be futile." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655-56 (9th Cir. 2017). An amendment or supplementation is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

RESPONSE TO MOTION FOR LEAVE
TO FILE SUPPLEMENTAL VERIFIED
COMPLAINT
NO. 3:19-cv-05181

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**B.      Leave to Supplement Is Futile Because Cedar Park's Claims Are Non-Justiciable**

Cedar Park's proposed supplementations fail to cure its fatal justiciability problems. None of the proposed additions allege that Cedar Park has suffered an injury in fact because of the Defendants' actions. The proposed supplementations allege only that an insurance carrier did not offer a plan consistent with its religious beliefs. They supplementations do not show that the Insurance Commissioner refuse to approve such a plan because of SSB 6219. The reality is that the Insurance Commissioner has approved health plans that accommodate health plan purchasers' religious beliefs. *See* Dkt. # 54-1. The supplementations do not allege that Cedar Park's desired plan is unavailable in the market.

Cedar Park's proposed supplementations hint at a legal argument that RCW 48.43.065 allows an insurer to charge Cedar Park a separate premium or fee for the coverage to which it objects. Dkt. # 52-1 at ¶ 48.2. But RCW 48.43.065 includes no such language. As explained in Defendants' opposition to Cedar Park's renewed motion for preliminary injunction and renewed motion to dismiss, Cedar Park misapprehends how the insurance industry handles premiums. Dkt. # 55-1 at 9-10. Premium payments secure the promises that the services covered by a health plan will be paid—they cannot be characterized as payments for specific services. As explained throughout Defendants' briefs, when there is objectionable coverage, there are options for the carrier to pay for the services that do not rely on the premiums, including paying for the services from overhead and using a third party foundation.

Granting leave to supplement the complaint would be futile because Cedar Park still has suffered no injury in fact, its claims are not redressable, and the primary jurisdiction doctrine counsels in favor of first allowing the Insurance Commissioner to seek to harmonize SSB 6219 with the religious exemption in RCW 48.43.065. Since the proposed supplementations would still render the complaint subject to dismissal, the Court should deny Cedar Park's motion.

**C.      Leave to Amend Is Futile Because Cedar Park's Claims Fail as a Matter of Law**

The proposed supplementations do not change the claims asserted by Cedar Park, and those claims fail as a matter of law. The proposed supplementations simply add irrelevant facts

4

1

2

to the flawed legal arguments Cedar Park has already made, thrice. It would be futile to allow the supplementations, where they add nothing to the merits of Cedar Park's deficient legal claims.

3

### IV.   CONCLUSION

4

5

For the foregoing reasons, Plaintiff's Motion for Leave to File Supplemental Verified Complaint should be denied.

6

7

DATED this 14th day of October, 2019.

8

ROBERT W. FERGUSON
Attorney General

9

10

*/s/Paul M. Crisalli*
JEFFREY T. SPRUNG, WSBA #23607
PAUL M. CRISALLI, WSBA #40681
MARTA DELEON, WSBA #35779
JOYCE A. ROPER, WSBA #11322
Assistant Attorneys General
Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

RESPONSE TO MOTION FOR LEAVE
TO FILE SUPPLEMENTAL VERIFIED
COMPLAINT
NO. 3:19-cv-05181

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

## DECLARATION OF SERVICE

2

     I hereby declare that on this day I caused the foregoing document to be electronically

3

filed with the Clerk of the Court using the Court's CM/ECF System which will send notification

4

of such filing to the following:

5

     Kristen K. Waggoner
     Kevin H. Theriot

6

     Elissa M. Graves
     Alliance Defending Freedom
     15100 N 90th Street

7

     Scottsdale, AZ 85260
     KWaggoner@adflegal.org

8

     KTheriot@adflegal.org
     EGraves@adflegal.org

9

     *Attorneys for Plaintiff*

10

     David A. Cortman
     Alliance Defending Freedom
     1000 Hurricane Shoals Rd. NE

11

     Suite D-1100
     Lawrenceville, GA  30040

12

     DCortman@adflegal.org
     *Attorney for Plaintiff*

13

     DATED this 14th day of October, 2019, at Seattle, Washington.

14

15

     */s/ Paul M. Crisalli*
     PAUL M. CRISALLI, WSBA #40681
     Assistant Attorney General

16

17

18

19

20

21

22

23

24

RESPONSE TO MOTION FOR LEAVE
TO FILE SUPPLEMENTAL VERIFIED
COMPLAINT
NO. 3:19-cv-05181

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744