FILED

JUL 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CEDAR PARK ASSEMBLY OF GOD OF KIRKLAND, WASHINGTON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MYRON KREIDLER, AKA Mike Kreidler, in his official capacity as Insurance Commissioner for the State of Washington; JAY ROBERT INSLEE, in his official capacity as Governor of the State of Washington, <br><br> Defendants-Appellees. | No.   20-35507 <br><br> D.C. No. 3:19-cv-05181-BHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 9, 2021
Seattle, Washington

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CLIFTON and IKUTA, Circuit Judges, and CALDWELL,[**] District Judge.

Cedar Park Assembly of God of Kirkland, Washington (Cedar Park) timely appeals the district court's dismissal of its complaint for lack of standing.  The district court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.  We review de novo an order granting a motion to dismiss for lack of standing, *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 416–17 (9th Cir. 2020), and reverse in part and affirm in part.

Cedar Park's complaint plausibly alleged that, due to the enactment of SB 6219, its health insurer (Kaiser Permanente) stopped offering a plan with abortion coverage restrictions and Cedar Park could not procure comparable replacement coverage.  This is sufficient to state an injury in fact that is fairly traceable to SB 6219.  *See Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738, 747 (9th Cir. 2020).  The injury is also redressable.  As in *Skyline*, the fact that Cedar Park had access to an acceptable plan is strong evidence that Cedar

---

[**] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

2

Park could obtain a similar plan from Kaiser Permanenete or another health insurer if the state is enjoined from enforcing SB 6219. *See id.* at 750.[1]

The state's argument that Cedar Park did not suffer an injury because SB 6219 did not prevent Kaiser Permanente from continuing to offer a plan that restricted abortion coverage fails because Kaiser Permanente reasonably understood the plain language of SB 6219 as precluding such restrictions, and it acted accordingly when it removed the restrictions from Cedar Park's health plan. Although the state argues that Cedar Park did not suffer an injury caused by SB 6219 because other health insurers offered plans that would meet Cedar Park's requirements, this argument also fails given that Kaiser Permanente dropped Cedar Park's abortion coverage restrictions due to SB 6219, and there is no evidence in

---

[1] Cedar Park's motion to supplement the record with information regarding Cedar Park's location and the availability of plans from Providence Health Plan, *see* Dkt. No. 15, is **DENIED AS MOOT,** because the information is either already in the record or is otherwise unnecessary to decide this case.

the record clearly demonstrating that Cedar Park could obtain acceptable coverage at the time it filed its complaint.[2]

The district court did not err in dismissing Cedar Park's equal protection claim for lack of standing, because the complaint does not plausibly allege that Cedar Park suffered a denial of equal treatment due to SB 6219's interaction with Washington's conscience objection statute. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 657 (9th Cir. 2002). To the extent the conscience objection statute treats religious organizations like Cedar Park differently than individual health care providers, religiously sponsored health carriers, and health care facilities (collectively, "providers"), *see* Wash. Rev. Code § 48.43.065(2)(a)—(3)(a), such differential treatment does not constitute discrimination because the providers are not similarly situated to religious organizations. This is because the providers are in the business of providing health services, while religious organizations merely purchase health coverage. *See City*

---

[2] It is irrelevant that Kaiser Permanente erroneously provided Cedar Park with a health insurance policy that covered abortion services until this error was detected and corrected. Given that it is undisputed that Cedar Park sought, and Kaiser Permanente agreed to provide, health insurance that contained abortion restrictions, Kaiser Permanente's decision to stop providing such coverage due to the enactment of SB 6219 constituted an injury in fact to Cedar Park, regardless of any past error on Kaiser Permanente's part.

*of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).[3]  Therefore, Cedar Park's complaint does not plausibly allege an injury-in-fact.

**REVERSED IN PART, AFFIRMED IN PART.**[4]

---

[3] Cedar Park has forfeited any argument that it has standing to pursue its Establishment Clause claim by failing to raise such an argument in its opening brief.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

[4] Costs shall be taxed against the appellees.