The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CEDAR PARK ASSEMBLY OF GOD OF KIRKLAND, WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MYRON "MIKE" KREIDLER, et al.,<br><br>Defendants. | NO. 3:19-cv-05181-BHS<br><br>DEFENDANTS' MOTION TO CLARIFY PLAINTIFF'S REMAINING CLAIMS OF THE SUPPLEMENTAL VERIFIED COMPLAINT<br><br>NOTE ON MOTION CALENDAR:<br>October 22, 2021 |

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 7(b) and 16, Defendants move to clarify the remaining claims left to litigate in this case. Following the Ninth Circuit's opinion, which reversed in part and affirmed in part this Court's order of dismissal, Cedar Park refused to acknowledge that only one of its claims remained in this action. In the Joint Status Report requested by this Court, Dkt. # 67, Cedar Park posited that, in addition to its Free Exercise claim in Count I, there were possible other remaining claims that survived after the Ninth Circuit's decision. Defendants submit this motion to obtain clarification on which of Plaintiff's claims remain after the Ninth Circuit's decision. The Court should rule that Counts II through IV of the Supplemental Verified Complaint, Dkt. # 52-1, were dismissed.

DEFENDANTS' MOTION TO CLARIFY
PLAINTIFF'S REMAINING CLAIMS OF
THE SUPPLEMENTAL VERIFIED
COMPLAINT -- NO. 3:19-cv-05181-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## FACTS

Cedar Park amended its Complaint thrice before this Court issued an order dismissing the case with prejudice. Dkt. # 60 at pp. 5–7, 14. The most recent complaint alleged four claims: a Free Exercise claim in Count I; an Equal Protection claim in Count II; an Establishment Clause claim in Count III; and a Religious Autonomy claim in County IV. Dkt. # 52-1.

Cedar Park appealed, and the Ninth Circuit affirmed in part and reversed in part. Dkt. # 65. In particular, the Ninth Circuit held that, on the facts presented, Cedar Park had sufficient legal standing with respect to its Free Exercise claim.[1] *Id.* at p. 2. The Court agreed that Cedar Park had failed to demonstrate standing for its Equal Protection claim. *Id.* at p. 5. In a footnote, the Ninth Circuit also affirmed this Court's dismissal of the remaining Establishment Clause claim. *Id.* at p. 5 n.3.

In the Joint Status Report, Cedar Park posited that there are "possible remaining claims" still alive and before this Court. Dkt. # 67 at p. 1. Defendants thus submit this motion to clarify what claims survive the Ninth Circuit's decision.

## ARGUMENT

**A. The Ninth Circuit Affirmed This Court's Dismissal of Count II for Lack of Standing, Holding That Cedar Park Did Not Plausibly Allege an Injury-in-Fact for Its Equal Protection Claim**

The Ninth Circuit affirmed this Court's dismissal of Count II, Plaintiff's Equal Protection claim, for lack of standing. The Ninth Circuit held in its memorandum opinion that "Cedar Park's complaint does not plausibly allege an injury-in-fact." Dkt. # 65 at p. 5. Under the law of the case doctrine, "the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Maag v. Wessler*, 993 F.2d 718, 720 n.2

---

[1] For the reasons explained in the Defendants' previous Motions to Dismiss, and as will be further demonstrated during the course of this case, the Defendants will show that Cedar Park's Free Exercise claim, and any other claims this Court finds remain following the Ninth Circuit's mandate, are still legally and factually deficient to warrant relief. Defendants will bring motions as appropriate. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318–19 (9th Cir. 2017) (approving district courts' decision to entertain successive motions to dismiss under Fed. R. Civ. P. 12(b)(6) to promote judicial economy), *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019).

DEFENDANTS' MOTION TO CLARIFY
PLAINTIFF'S REMAINING CLAIMS OF
THE SUPPLEMENTAL VERIFIED
COMPLAINT -- NO. 3:19-cv-05181-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 | (9th Cir. 1993) (citations and internal quotation omitted). Therefore, the Ninth Circuit's dismissal of this claim is binding.

**B. The Ninth Circuit Affirmed This Court's Dismissal of Count III Because Cedar Park Failed to Argue That It Had Standing to Pursue Its Establishment Clause Claim**

The Ninth Circuit affirmed this Court's dismissal of Count III, Plaintiff's Establishment Clause claim, because Cedar Park failed to argue in its opening brief that it had standing to pursue this claim. Dkt. # 65 at p. 5 n.3 (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.")). Indeed, Plaintiff's opening brief is devoid of argument in support of its Establishment Clause claim. *See generally* Plaintiff-Appellant's Opening Brief, No. 20-35507 (9th Cir. Sept. 2, 2020) (Opening Brief). The brief's passing mention of the claim was insufficient to preserve the issue on appeal. *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived."); *see also Maag*, 993 F.2d at 720 n.2 (appellate decision is binding on this Court). The Ninth Circuit's dismissal of Count III is binding as well.

**C. Cedar Park Forfeited Appeal of This Court's Dismissal of Count IV by Failing to Argue That It Had Standing to Pursue Its Religious Autonomy Claim**

Likewise, Cedar Park forfeited appeal of this Court's dismissal of its religious autonomy claim by failing to adequately brief the issue. Plaintiff's opening brief fell far short of the standard required to preserve the claim. The Ninth Circuit requires the appellant to provide a specific and distinct argument in support of a claim in the opening brief. *Momox-Caselis v. Donohue*, 987 F.3d 835, 842 (9th Cir. 2021) (stating that "matters not specifically and distinctly raised and argued in the opening brief" will not be considered on appeal). Cedar Park failed to meet this standard in two respects: First, by failing to make any argument under the Establishment Clause; and second, by failing to make a specific and distinct religious autonomy argument.

DEFENDANTS' MOTION TO CLARIFY PLAINTIFF'S REMAINING CLAIMS OF THE SUPPLEMENTAL VERIFIED COMPLAINT -- NO. 3:19-cv-05181-BHS

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Since Cedar Park failed to make any argument based on the Establishment Clause in its opening brief, it forfeited the argument that it established standing for Count IV, which alleged "Violation of Religious Autonomy Guaranteed by the Religious [sic] Clauses of the First Amendment to the United States Constitution." Dkt. # 52-1 at p. 4 (emphasis omitted). The right to religious autonomy derives from both the Free Exercise and Establishment Clauses ("Religion Clauses"). *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020). Cedar Park recognized as much in its Complaint. Dkt. # 52-1 at p. 4 ¶ 162 (adopting Dkt. # 46 at pp. 25–26 ¶ 163). But Cedar Park's opening brief before the Ninth Circuit did not raise an Establishment Clause argument or analyze the Establishment Clause. *See generally* Opening Brief, No. 20-35507. Absent any legal argument regarding an essential constitutional provision underlying the religious autonomy doctrine, Cedar Park forfeited the opportunity to further pursue Count IV. *Smith*, 194 F.3d at 1052.

Cedar Park's opening brief did not indicate that it was making a religious autonomy argument. *See generally* Opening Brief, No. 20-35507. The Ninth Circuit deems both passing mentions and scattered references insufficient to meet the specific and distinct standard. *See Christian Legal Soc'y Ch. of Univ. of Cal. v. Wu*, 626 F.3d 483, 485–86 (9th Cir. 2010) (declining to consider selective application argument made by student religious organization in equal protection case where it was not fairly encompassed by the statement of issues or fully raised in the body of the brief). Cedar Park's passing reference in the opening brief to having made a religious autonomy claim is insufficient to preserve the claim. *See Maldonado*, 556 F.3d at 1048 n.4. As in the case of Count III, Cedar Park effectively abandoned Count IV in its opening brief before the Ninth Circuit.

## CONCLUSION

The Court should find that Counts II through IV were dismissed by the Ninth Circuit.

///

///

DEFENDANTS' MOTION TO CLARIFY
PLAINTIFF'S REMAINING CLAIMS OF
THE SUPPLEMENTAL VERIFIED
COMPLAINT -- NO. 3:19-cv-05181-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

DATED this 7th day of October 2021.

ROBERT W. FERGUSON
Attorney General

*/s/ Paul M. Crisalli*
PAUL M. CRISALLI, WSBA #40681
JEFFREY T. SPRUNG, WSBA #23607
MARTA DELEON, WSBA #35779
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
paul.crisalli@atg.wa.gov
jeff.sprung@atg.wa.gov
marta.deleon@atg.wa.gov
*Attorneys for Defendants*

DEFENDANTS' MOTION TO CLARIFY
PLAINTIFF'S REMAINING CLAIMS OF
THE SUPPLEMENTAL VERIFIED
COMPLAINT -- NO. 3:19-cv-05181-BHS

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to the following:

    Kevin H. Theriot
    Elissa M. Graves
    Kristen K. Waggoner
    Alliance Defending Freedom
    15100 N 90th Street
    Scottsdale, AZ 85260
    (480) 444-0020
    KTheriot@adflegal.org
    EGraves@adflegal.org
    KWaggoner@adflegal.org
    *Attorneys for Plaintiff*

    David A. Cortman
    Alliance Defending Freedom
    1000 Hurricane Shoals Rd. NE
    Suite D-1100
    Lawrenceville, GA 30040
    (770) 339-0774
    DCortman@adflegal.org
    *Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7th day of October 2021, at Seattle, Washington.

                */s/ Paul M. Crisalli*
                PAUL M. CRISALLI, WSBA #40681
                Assistant Attorney General

DEFENDANTS' MOTION TO CLARIFY PLAINTIFF'S REMAINING CLAIMS OF THE SUPPLEMENTAL VERIFIED COMPLAINT -- NO. 3:19-cv-05181-BHS

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744