The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CEDAR PARK ASSEMBLY OF GOD OF KIRKLAND, WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MYRON "MIKE" KREIDLER, et al.,<br><br>Defendants. | NO. 3:19-cv-05181-BHS<br><br>DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PLAINTIFF'S REMAINING CLAIMS OF THE SUPPLEMENTAL VERIFIED COMPLAINT<br><br>NOTE ON MOTION CALENDAR: November 12, 2021 |

## I. INTRODUCTION

Plaintiff Cedar Park misinterprets the Ninth Circuit's memorandum decision and cites to irrelevant and unpersuasive case law in an attempt to argue that its religious autonomy claim survived appeal. The Ninth Circuit affirmed dismissal of the claim. Religious autonomy claims can be waived, and Cedar Park waived its claim here. This Court should rule that only Cedar Park's Free Exercise claim remains.[1]

## II. REPLY

Cedar Park never disputes that it failed to specifically argue its religious autonomy claim in its appellate brief. Instead, it questions the Ninth Circuit's binding decision, attempts to

---

[1] As the State will explain in future motions, the Free Exercise claim is also legally deficient and does not warrant relief.

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PLAINTIFF'S REMAINING CLAIMS OF THE SUPPLEMENTAL VERIFIED COMPLAINT -- NO. 3:19-cv-05181-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 recharacterize the constitutional basis of the religious autonomy doctrine, and argues that the
2 claim cannot be waived. All of these arguments fail.

3     The Ninth Circuit's binding decision closed the door to any argument that Cedar Park
4 has standing to pursue a religious autonomy claim. Cedar Park failed to argue in its appellate
5 brief that it had standing to pursue its religious autonomy claim, and thereby forfeited the
6 argument. *Momox-Caselis v. Donohue*, 987 F.3d 835, 842 (9th Cir. 2021). Cedar Park complains
7 that the Ninth Circuit issued a Rule 12(b)(6) ruling, but the Ninth Circuit did not—it issued a
8 ruling on standing. *E.g.*, Dkt. # 65 at p. 5 n.3 ("Cedar Park has forfeited any argument that it has
9 standing to pursue its Establishment Clause claim by failing to raise such an argument in its
10 opening brief"). The Ninth Circuit's ruling is binding on this Court as the law of the case.
11 *Maag v. Wessler*, 993 F.2d 718, 720 n.2 (9th Cir. 1993). Cedar Park's suggestion that this Court
12 should effectively disregard the Ninth Circuit's decision is inappropriate.

13     Cedar Park fleetingly attempts to rescue its religious autonomy claim by arguing that the
14 doctrine relies on the Free Exercise Clause almost to the exclusion of the Establishment Clause.
15 Cedar Park's new position runs counter to recent Supreme Court precedent.
16 *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020) ("Among other
17 things, the Religion Clauses protect the right of churches and other religious institutions to decide
18 matters of faith and doctrine without government intrusion") (internal quotations omitted). It is
19 also counter to the position Cedar Park took in its complaint. Dkt. # 52-1 at p. 4 ¶ 162 (adopting
20 Dkt. # 46 at pp. 25–26 ¶ 163) ("The Free Exercise and the Establishment Clauses of the First
21 Amendment, together, invest in churches the power to ordain their own affairs").

22     The cases Cedar Park cites do not advance its new position. In citing *Kedroff v.*
23 *St. Nicholas Cathedral of Russian Orthodox Church in North America*, 344 U.S. 94, 73 S. Ct.
24 143 (1952), Cedar Park asks this Court to turn back the clock and ignore how the doctrine has
25 developed since 1952. The Supreme Court now recognizes that both Religion Clauses underlie
26 the religious autonomy doctrine. *E.g.*, *Hosanna-Tabor Evangelical Lutheran Church & Sch. v.*

DEFENDANTS' REPLY IN SUPPORT OF
ITS MOTION TO CLARIFY PLAINTIFF'S
REMAINING CLAIMS OF THE
SUPPLEMENTAL VERIFIED COMPLAINT
-- NO. 3:19-cv-05181-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*E.E.O.C.*, 565 U.S. 171, 185–86 (2012). Cedar Park cites to nonbinding authority, none of which advances its argument. One opinion, which Cedar Park claims the Supreme Court later adopted, in fact supports the State's position. *Biel v. St. James Sch.*, 926 F.3d 1238, 1245 (9th Cir. 2019) (R. Nelson, J., dissenting from denial of reh'g en banc) ("Indeed, requiring a religious group to adopt a formal title or hold out its ministers in a specific way is the very encroachment into religious autonomy the Free Exercise Clause prohibits, precisely because such a demand for ecclesiastical titles inherently violates the Establishment Clause"). The other cases Cedar Park cites predate *Our Lady of Guadalupe School*, which affirmed that the religious autonomy doctrine relies on both Religion Clauses. Cedar Park failed to make any argument under the Establishment Clause and may not pursue its religious autonomy claim. *See* Dkt. # 65 at p. 5 n.3.

Finally, in arguing that its religious autonomy claim is not waivable, Cedar Park attempts to evade its burden to establish standing, placing that burden on this Court. As the plaintiff, Cedar Park bore the burden to establish standing to pursue the claim. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). It failed to meet that burden. It then failed to argue on appeal that it established standing to pursue the claim.

The cases Cedar Park cites do not relieve it of this obligation. All involve the ministerial exception, which "operates as an affirmative defense to an otherwise cognizable claim, not a jurisdictional bar." *Hosanna-Tabor*, 565 U.S. at 195 n.4. In *Lee v. Sixth Mount Zion Baptist Church of Pittsburgh*, 903 F.3d 113, 117–18 (3d Cir. 2018), for instance, when considering the plaintiff's motion for summary judgment for breach of contract due to termination without cause, the District Court raised the issue and ordered the parties to brief whether the ministerial exception barred adjudication; after reading the briefs, the court concluded that it did.

Here, Cedar Park brought a religious autonomy claim at the outset of its case, and its briefing failed to establish that it had standing to pursue the claim. The issue is not whether Cedar Park waived its religious autonomy but whether it waived its right to pursue a claim based on an alleged incursion on that right, which it did. To the extent that Cedar Park suggests that

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PLAINTIFF'S REMAINING CLAIMS OF THE SUPPLEMENTAL VERIFIED COMPLAINT -- NO. 3:19-cv-05181-BHS

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

courts should identify religious autonomy concerns *sua sponte*, the Ninth Circuit carefully reviewed the complaint in this case and did not identify any such concerns.[2] This Court has neither the obligation nor the authority to revive the claim now.

### III. CONCLUSION

The Court should rule that only Cedar Park's Free Exercise claim remains.

DATED this 12th day of November 2021.

ROBERT W. FERGUSON
Attorney General

*/s/ Paul M. Crisalli*
PAUL M. CRISALLI, WSBA #40681
JEFFREY T. SPRUNG, WSBA #23607
MARTA DELEON, WSBA #35779
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
paul.crisalli@atg.wa.gov
jeff.sprung@atg.wa.gov
marta.deleon@atg.wa.gov
*Attorneys for Defendants*

---

[2] Cedar Park's attempt to distinguish *Smith v. Marsh*, 194 F.3d 1045 (9th Cir. 1999), a case it acknowledges the Ninth Circuit also cited, illustrates the futility of the argument that the religious autonomy claim cannot be waived. The Ninth Circuit cited this case when discussing the waiver of Establishment Clause claims, which also impose constitutional limits on government action. Dkt. # 65 at p. 5 n.3.

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PLAINTIFF'S REMAINING CLAIMS OF THE SUPPLEMENTAL VERIFIED COMPLAINT -- NO. 3:19-cv-05181-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to the following:

Kevin H. Theriot
Elissa M. Graves
Kristen K. Waggoner
Alliance Defending Freedom
15100 N 90th Street
Scottsdale, AZ 85260
(480) 444-0020
KTheriot@adflegal.org
EGraves@adflegal.org
KWaggoner@adflegal.org
*Attorneys for Plaintiff*

David A. Cortman
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30040
(770) 339-0774
DCortman@adflegal.org
*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 12th day of November 2021, at Seattle, Washington.

*/s/ Paul M. Crisalli*
PAUL M. CRISALLI, WSBA #40681
Assistant Attorney General
DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CLARIFY PLAINTIFF'S REMAINING CLAIMS OF THE SUPPLEMENTAL VERIFIED COMPLAINT -- NO. 3:19-cv-05181-BHS

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744