1
2
3
4
5
6
7

The Honorable Benjamin H. Settle

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9
10

CEDAR PARK ASSEMBLY OF GOD OF
KIRKLAND, WASHINGTON,

NO. 3:19-cv-05181-BHS

11

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY

Plaintiff,

12

v.

13

MYRON "MIKE" KREIDLER, et al.,

14

Defendants.

15
16

**STIPULATION**

17

1.    PURPOSE AND LIMITATIONS

18

The parties anticipate that some materials produced in discovery in this case will contain

19

confidential or highly confidential material that must be protected from further disclosure. For

20

example, documents produced in discovery may contain information that is protected from

21

public disclosure by state or federal law or regulation or Court rule or Court practice, such as

22

trade secrets, medical information, personal identifying information, or sensitive portions of

23

personnel and employment records. Pursuant to Federal Rule of Civil Procedure 26 and the

24

parties' stipulation, the Court finds good cause for the entry of this Stipulated Protective Order

25

(Protective Order or Order) to provide appropriate protections during the discovery process

26

while balancing the need for the flow of discovery and resolution of disputes over discovery.

1

2.      SCOPE

This Protective Order shall govern all discovery materials produced in this lawsuit. The protections conferred by this agreement cover not only confidential material, but also (1) any information copied or extracted from confidential information; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential information. But the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

This Protective Order is intended to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the regulations promulgated under its aegis. See 45 C.F.R. 164.512(e)(1)(ii).

Unless otherwise noted, this Protective Order is consistent with LCR 26(c) and the Fed. R. Civ. P. 26 (c). This Protective Order does not displace the requirement for parties to meet and confer before bringing a discovery dispute to the Court.

Nothing herein shall be construed to affect in any manner the relevance, discoverability, or admissibility, or objection thereto, at trial or any other court proceeding of any document, testimony, or other evidence.

This Protective Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under law or regulation.

3.      "CONFIDENTIAL INFORMATION"

Any discovery materials that contain Confidential Information may be designated by the producing party as confidential ("Confidential Information"). A producing party may designate a document as Confidential Information and restrict its disclosure under this Order by affixing the words Confidential or Highly Confidential on the document in a manner that will not interfere with the legibility of the document wherever possible. Where Confidential Information is

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

2

1   produced in a form that cannot be stamped as described above and in electronic format on a disk

2   or other medium that contains exclusively Confidential Information, the designation may be

3   placed on the disk or other medium. For any Confidential Information produced in a form that

4   cannot be stamped or designated as described above, the producing party may designate such

5   matter by cover letter referring generally to such matter. Documents shall be designated

6   Confidential or Highly Confidential prior to or at the time of the production or disclosure of the

7   documents.

8   4.   DOCUMENTS THAT MAY BE DESIGNATED CONFIDENTIAL

9       A party may designate as Confidential any material the party in good faith believes to

10  contain non-public information that qualifies for protection pursuant to Rule 26(c), specifically

11  information that is a trade secret, confidential research, development, or commercial

12  information, materials that are deemed to be confidential under applicable state or federal

13  statutes or regulations, and personally identifiable information about individuals. Public records

14  and other information or documents that are publicly available, and not otherwise protected

15  against disclosure or discovery may not be designated as Confidential.

16  5.   DOCUMENTS THAT MAY BE DESIGNATED HIGHLY CONFIDENTIAL

17      A party may designate as Highly Confidential if the party in good faith believes the

18  information would, if disclosed, cause substantial economic harm to the competitive position of

19  the entity from which the information was obtained because it is highly confidential research

20  and development material that has not yet been approved or cleared by the Office of Insurance

21  Commissioner or a similar regulatory body or reflects the entity's price competitiveness in the

22  market or marketing business strategies of the entity concerning a current or new product.

23  6.   DESIGNATION OF PROTECTED HEALTH INFORMATION

24      Discovery in this Litigation may involve production of documents containing

25  "Protected Health Information" for which special protection from public disclosure and from

26  use for any purpose other than prosecuting this Litigation is warranted. "Protected Health

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  Information" shall encompass information within the scope and definition set forth in

2  45 C.F.R. § 160.103, as well as "Health care information" within the scope and definition set

3  forth in Wash. Rev. Code § 70.02.010(17), as well as information covered by the privacy laws

4  of Washington and other states, as applicable.

5  7.   PRODUCTION OF PROTECTED HEALTH INFORMATION

6      Any Party who produces material containing Protected Health Information in this

7  litigation may designate said material as Confidential, Highly Confidential or Confidential

8  Protected Health Information—Subject to Protective Order, in accordance with the provisions

9  of this Order. The designation of discovery material as Protected Health Information may be

10  made at any of the times and in any of the ways in which Confidential and Highly Confidential

11  designations or redesignations may be made in this Protective Order.

12  8.   UNAUTHORIZED DISCLOSURE OF PROTECTED HEALTH INFORMATION

13      The parties agree and confirm that they do not intend to publicly disclose Protected

14  Health Information, even without such designations, and that they will treat any document

15  containing patient or insured's health information as Confidential, regardless whether it was so

16  designated. Further, all parties agree that any production of undesignated Protected Health

17  Information shall be deemed inadvertent without need of further showing and shall not constitute

18  or be deemed a waiver or forfeiture of the protections for such information in this Litigation or

19  in any other federal or state proceeding. This Section shall be interpreted to provide the

20  maximum protection allowed for individual Protected Health information. No party will argue

21  that the mere production of documents in this Litigation is itself a waiver of such protections.

22  9.   CONFIDENTIALITY DESIGNATIONS

23      In the event any party receives discovery material it reasonably believes includes

24  Protected Health Information, including but not limited to Protected Health Information subject

25  to 42 C.F.R. Part 2, but which is not designated as Confidential, Highly Confidential, or

26  Confidential Protected Health Information, it shall immediately notify the producing party and

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

all other parties subject to this Protective Order, and treat the material as though it were designated Confidential. All parties subject to this Protective Order shall continue to treat the material as though it were designated Confidential for a period of ten (10) days so as to allow the producing party the opportunity to appropriately designate the material pursuant to the provisions of Paragraph 34 of this Protective Order.

10.     RESTRICTIONS ON SEEKING TO IDENTIFY DE-IDENTIFIED INFORMATION

All parties to this action and their counsel are hereby precluded from attempting to identify any of the individuals whose information is de-identified in such Protected Health Information.

11.     REASONABLE SAFEGUARDS

Persons receiving or having knowledge of Protected Health Information by virtue of their participation in this Litigation shall use that Protected Health Information only as permitted by this Order. Counsel shall take reasonable steps to assure the security of any Protected Health Information and will limit access to such material to those authorized by this Order or by law. In particular, any party receiving, transmitting, or using Protected Health Information shall implement appropriate administrative, technological, and physical safeguards as are necessary to prevent the use or disclosure of Protected Health Information, other than as permitted by this Order and under federal and state law, that reasonably and appropriately protect the confidentiality and integrity of the Protected Health Information.

12.     USE LIMITED TO PURPOSE OF THE LITIGATION.

In accordance with 45 C.F.R. § 164.512(e)(1)(v), all Protected Health Information produced pursuant to this Order has been produced solely for purposes of this Litigation and shall be used only for purposes of this Litigation. Nothing herein shall restrict a person qualified to receive Protected Health Information pursuant to this Order from making working copies, abstracts, digests, and analyses of such information for use in connection with this Litigation and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this Litigation, provided that access to such information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Order. Nothing contained in this Order shall preclude any party from using its own Protected Health Information in any manner it sees fit, to the extent permitted by federal and Washington law.

13.   WORK DERIVED FROM PROTECTED HEALTH INFORMATION

All persons qualified to receive Protected Health Information pursuant to this Order shall at all times keep all notes, abstractions, or other work product derived from or containing Protected Health Information in a manner to protect it from disclosure not in accordance with this Order, and shall be obligated to maintain the confidentiality of such work product and shall not disclose or reveal the contents of said notes, abstractions, or other work product after the conclusion of this action.

14.   DESTROY OR RETURN OF DOCUMENTS

Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the Parties, their counsel, and any person or entity in possession of Protected Health Information received pursuant to this Order shall destroy or return it to the Producing Party.

15.   DESIGNATION BY NON-PARTIES

Non-parties may designate the discovery materials they produce in this action as Confidential, Highly Confidential or Confidential Protected Health Information by following the procedure described in paragraphs 2–6 above. Any party that serves a non-party with a subpoena shall also provide a copy of this Protective Order. Challenges to the designations made by non-parties shall follow the procedure described in paragraph 23 of this Protective Order.

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

16.     USE OF CONFIDENTIAL MATERIAL AT DEPOSITIONS

All transcripts and exhibits shall be treated as if designated Confidential for a period of twenty (20) days after the transcript is available from the court reporter. Counsel for any party may designate during the deposition or during the twenty (20) day period after the transcript is available from the court reporter any portion of the transcript as Confidential, Highly Confidential or Confidential Protected Health Information by denominating by page and line, and by designating any exhibits, that are to be considered Confidential, Highly Confidential, or Confidential Protected Health Information pursuant to the criteria set forth in this Order. Such designation shall be communicated to all parties. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Order. A party may challenge the Confidential, Highly Confidential, or Confidential Protected Health Information designation or portions thereof in accordance with the provisions of paragraph 23 of this Protective Order.

17.     REDACTIONS

A producing party may make redactions to documents to protect information that it believes is Confidential, Highly Confidential, or Confidential Protected Health Information from documents, materials, or other things before production. Examples of information that a producing party may (but is not required to) redact include, but are not limited to:

(a)     Private Identifying Information About Individuals. The home addresses, personal email addresses, home telephone numbers, Social Security or tax identification numbers, insurance policy numbers, and other private information protected by law.

(b)     Privileged Information. Information protected from disclosure by the attorney-client privilege, work product doctrine, or other such legal privilege protecting information from discovery in this Litigation.

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   (c)   <u>Federal and State Statutes</u>. The parties recognize that certain
2   governmental agencies, including the Office of Insurance Commission, as
3   well as certain federal and state statutes require redaction of certain
4   information prior to production of certain information by the Parties and
5   that Parties will comply with those requirements and redact such
6   information as required.
7
8   18.   <u>PREVIOUSLY REDACTED DOCUMENTS</u>

9   Where a producing party produces discovery materials in this action that were previously
10  produced in redacted form in other litigation, that party may produce those discovery materials
11  in the form they were originally produced and has no obligation to revisit prior redactions. Where
12  redactions were previously applied to a document solely on the basis that the redacted
13  information was not responsive to a discovery request in the other litigation, and where the
14  receiving party requests the production of the document in unredacted form, the party producing
15  the information will meet and confer to attempt to resolve the issue. The producing party must
16  be given a reasonable opportunity under the circumstances to review the redacted material, to
17  reconsider the circumstances, and if no change in redaction is offered, to explain the basis for
18  the redaction.

19  19.   <u>CHALLENGES TO REDACTIONS</u>

20  If a party elects to press a challenge to a redaction, it may file an appropriate motion with
21  the Court. The ultimate burden of persuasion in any such challenge proceeding shall be on the
22  producing party as if the producing party were seeking a Protective Order in the first instance.
23  In the event that a redaction is lifted by a producing party or by Court Order, the producing party
24  may provide replacement media, images, and associated production information as provided
25  above.

26

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   20.     PROTECTION OF CONFIDENTIAL INFORMATION.

2         All documents produced in this action and the information contained therein may be

3   reviewed and used by the parties to this action, including their attorneys, legal staff,

4   expert witnesses, consultants, or any person to whom disclosure is made pursuant to Paragraphs

5   21–22, only for the purpose or prosecuting or defending this action or in a manner permitted by

6   this Protective Order. No person or party subject to this Protective Order shall distribute,

7   transmit, or otherwise divulge any documents marked Confidential, Highly Confidential, or

8   Confidential Protected Health Information, or the information contained within such documents,

9   except in accordance with this Protective Order. Nothing in this Protective Order shall prevent

10  the use of any document or the contents thereof, whether Confidential, Highly Confidential, or

11  Confidential Protected Health Information, at any deposition taken in this action. Nothing in this

12  Protective Order shall prevent any party from using its own documents and Confidential

13  Information for its own business or other purposes outside of this action.

14  21.     ACCESS TO AND DISCLOSURE OF CONFIDENTIAL INFORMATION

15        The following individuals may review and use all discovery materials in this action,

16  including those designated Confidential, Highly Confidential, and Confidential Protected Health

17  Information, without signing Exhibit A:

18              (a)     Counsel (including outside counsel) for any party and their support staff

19                      (e.g., assistants, secretaries, paralegals, investigators, summer associates);

20              (b)     Current employees of the parties;

21              (c)     Any person for whom it is evident that the person prepared, received,

22                      reviewed, or otherwise had been provided access to the Confidential

23                      Information prior to its production in this action;

24              (d)     Party employees responsible for managing or participating in this action

25                      or related actions;

26              (e)     Testifying witnesses during the course of their depositions;

1         (f)     This Court, its staff, and court and deposition stenographers/reporters;

2         (g)     Mediators, or other third parties appointed by the Court or retained by the

3    parties for settlement purposes or resolution of discovery or other disputes

4    and their necessary staff; and

5         (h)     Photocopying, data processing, e-discovery, or graphic production

6    services employed by any party or its counsel to assist in this action.

7    22.    <u>DISCLOSURE OF MATERIAL DESIGNATED CONFIDENTIAL</u>

8    Highly Confidential, and Confidential Protected Health Information to any person other than

9    those covered in paragraph 21 can be made but only after the person to whom the disclosure is

10   being made has been given a copy of this Protective Order and has signed the Confidentiality

11   Agreement attached hereto as Exhibit A. Counsel for the party obtaining any signed agreement

12   shall retain the agreement and need not disclose it to counsel for all other parties unless ordered

13   to do so by the Court.

14   23.    <u>CHALLENGES BY A PARTY TO CONFIDENTIALITY DESIGNATIONS</u>

15   Any party may challenge the designation of information as Confidential, Highly

16   Confidential, or Confidential Protected Health Information by providing written notice of its

17   objection to the producing party, or in the case of a deposition, either on the record at a deposition

18   or in writing later. If, after a meet-and-confer process, the parties cannot reach agreement, either

19   the producing party or challenging party may, on at least seven (7) days' notice, apply for an

20   appropriate ruling from the Court. The disputed material shall continue to be treated as

21   designated, or redacted, until the Court orders otherwise. In any such application concerning a

22   ruling on confidentiality or redacted information, the party claiming the designation of

23   confidentiality or redaction has the burden of establishing that such confidential designation or

24   redaction was proper.

25

26

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

24.   <u>FILING CONFIDENTIAL DOCUMENTS</u>

Where a party wishes to file with the Court a motion or other papers supported by exhibits, which exhibits include documents or information designated as Confidential or Highly Confidential (generally referred to herein as a Motion), the filing party will make reasonable efforts to provide the producing party with prior notice of the intent to file such a Motion and request that the producing party identify what portion of the supporting documents require redaction or filing under seal.

25.   <u>MOTION</u>

With respect to any Motion or other pleadings filed with the Court, where the producing party is not the filing party and where the producing and filing parties are unable to agree as to the treatment of a particular document prior to the Motion filing, the parties will proceed as follows: the filing party shall file a motion for leave to file under seal or redact any such documents or any portion of the Motion that explicitly discloses the contents of such documents, at the same time as it files its Motion or other pleading, which shall be conditionally received under seal by the Court, pending the Court's ultimate ruling on the motion for leave to file under seal or redact. The filing party is not required to take a position on the merits of the motion to seal.

26.   <u>RESPONSE TO MOTION</u>

Within five court days of service of a motion for leave to file under seal or to redact, the producing party, if it is not the filing party, may file a response to the motion for leave explaining the need to file the documents under seal or to redact them. If the producing party is the filing party, any party may file a response to the motion.

27.   <u>REPLY TO OPPOSITION TO MOTION</u>

Within two court days of service of any response to the motion for leave to file under seal or redact, the filing party may, if it wishes, file a reply in opposition to the response.

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

28.   <u>COURT ORDER</u>

The Court may thereafter make such orders as are necessary to govern the filing of documents under seal or the redaction of documents in the Court file.

29.   <u>MOTION STRUCK FOR NO RESPONSE</u>

If the producing party is not the filing party and fails to respond to the motion to seal in the time provided, the motion to seal may be stricken and the filing party may publicly file the materials.

30.   <u>INADVERTENT DISCLOSURE</u>

If a producing party attaches in its entirety or otherwise wholly discloses the substance of its own Confidential or Highly Confidential Information in its own public court filings, any other party may refer to that publicly disclosed Confidential or Highly Confidential Information without need for prior consultation; provided that (1) no document designated as Confidential or Highly Confidential may be publicly referenced or disclosed without prior consultation simply because a different document on a similar topic or with similar Confidential or Highly Confidential Information has been publicly disclosed, and (2) no portion of a document containing Confidential or Highly Confidential Information may be publicly referenced or disclosed simply because a different portion of the document containing other Confidential or Highly Confidential Information has been previously disclosed, and (3) no party may publicly refer to Confidential or Highly Confidential Information which it knows or reasonably suspects may have been inadvertently disclosed until the producing party has been informed of any potential inadvertent disclosure and has a reasonable opportunity to take corrective action. Any disclosure of Highly Confidential Information in a court filing should be assumed to be inadvertent unless disclosed pursuant to a Court Order or confirmed by the producing party.

31.   <u>USE OF CONFIDENTIAL INFORMATION AT TRIAL</u>

If this Litigation proceeds to trial, the degree to which discovery materials produced pursuant to this Protective Order remain Confidential, Highly Confidential, or Confidential

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  Protected Health Information and the manner in which the materials will be used at trial will be

2  determined by a separate stipulation and/or court order. The parties shall confer about the

3  handling of confidential material at trial before confirming trial readiness. The admissibility of

4  such material and information shall be governed by the Rules of Evidence in the same manner

5  as any other potential evidence in this case.

6  32.     WASHINGTON PUBLIC RECORDS ACT

7          Nothing in this Protective Order shall be construed to require the Defendants or any

8  Washington State agency to violate Washington Public Records' Act, Wash. Rev. Code Ch.

9  42.56, which governs the disclosure of public records, or Wash. Rev. Code Ch. 40.14, which

10 governs preservation and destruction of government records, or any other statute, administrative

11 rule, or court rule.

12 33.     WASHINGTON ATTORNEY GENERAL'S OFFICE

13         If at any time the AGO receives a request pursuant to the Washington Public Records

14 Act that would compel disclosure of any documents or information designated in this action as

15 Confidential or Highly Confidential by Plaintiff, the AGO shall give written notice and a copy

16 of the request to the producing party and also provide notice to the designating party within ten

17 (10) business days from notification to seek and obtain protection from the Court. In any

18 proceeding to bar or to seek the release of Confidential or Highly Confidential documents, the

19 designating party shall have the affirmative obligation to seek to intervene in such proceedings

20 and to defend and substantiate any claim of confidentiality.

21 33.     DISCOVERY DISCLOSURE IS NOT PUBLIC DISCLOSURE

22         The Parties acknowledge that the disclosure of discovery materials in this Litigation in

23 response to a discovery request is not a public disclosure for purposes of the Public Records Act.

24 34.     INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL MATERIAL

25         The inadvertent production of any discovery materials in this action without a

26 designation of Confidential, Highly Confidential, or Confidential Protected Health Information

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

will not be deemed to waive a party's right to claim its confidential nature or estop a party from designating such material as Confidential, Highly Confidential, or Confidential Protected Health Information at a later date. In the event that any document that a party should have designated Confidential, Highly Confidential, or Confidential Protected Health Information was produced without such designation, the party that received the document shall treat it as if it was so designated promptly after it receives written notice of the designation from the producing party. Disclosure of any document or information prior to such later designation shall not be a violation of this Protective Order. This Section shall be interpreted to provide the maximum protection allowed. No Party will argue that the mere production of documents in this Litigation is itself a waiver of such protections.

35.    CLAIMS OF PRIVILEGE

Nothing in this Protective Order shall infringe upon the right of any party to object to providing information which is subject to the attorney-client privilege, work-product protection, or which is non-discoverable on any other legitimate ground. Except as otherwise set forth in this paragraph, production of documents stamped Confidential, Highly Confidential, or Confidential Protected Health Information subject to the terms of this Protective Order shall not be deemed a waiver of any objection concerning the admissibility of any Confidential, Highly Confidential, or Confidential Protected Health Information documents.

36.    INADVERTENT DISCLOSURE OF PRIVILEGED DOCUMENTS

The inadvertent disclosure of documents subject to the attorney-client privilege, the work product doctrine, or any other legal privilege or protection of information from discovery, shall not constitute a waiver of the privilege, provided that the producing party notify the receiving party in writing as set forth herein. In the event that a party inadvertently produces documents subject to a claim of privilege, the producing party shall notify the receiving party in writing of the inadvertent disclosure. If a party confirms that it inadvertently disclosed privileged information, all other parties shall within fourteen (14) days of receiving such notification or

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  confirmation: (1) destroy or return to the producing party all copies or versions of the produced

2  privileged information requested to be returned or destroyed; (2) delete from its work product or

3  other materials any quoted or paraphrased portions of the produced privileged information; and

4  (3) ensure that produced privileged information was not disclosed in any manner to any party or

5  non-party. The party receiving such request shall retrieve the inadvertently produced documents,

6  and all copies, including any loaded to databases, and return them to the producing party or

7  destroy them as agreed between the parties. All notes or other work product of the receiving

8  party reflecting the contents of such materials shall be destroyed and not used.

9  37.    UPON TERMINATION OF THIS ACTION

10         After the final termination of this action, including any appeals, each party will continue

11  to protect the confidentiality of Confidential and Highly Confidential material designated by any

12  other party as provided by this Protective Order. The retention, preservation, destruction, or

13  return of Confidential and Highly Confidential documents shall be determined by the parties, or

14  the Court if agreement cannot be reached, at the conclusion of this case. Again, the terms of this

15  Protective Order shall continue in full force and effect after the conclusion of this action until

16  the Court enters a further order terminating them.

17  38.    MODIFICATION OF THIS ORDER

18         Nothing in this Protective Order shall prevent any party or non-party from seeking

19  amendments broadening or restricting the rights of access to or the use of materials designated

20  Confidential, Highly Confidential or Confidential Protected Health Information or otherwise

21  modifying this Protective Order.

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1      The parties respectfully requests that the Court grant this Protective Order.

2      STIPULATED to this 21st day of April, 2022.

3

Presented by:

4

5    ROBERT W. FERGUSON
Attorney General                    ALLIANCE DEFENDING FREEDOM

6

7

8    */s/ Paul M. Crisalli*                 */s/ Kevin H. Theriot*
PAUL M. CRISALLI, WSBA #40681    Kevin H. Theriot

9    JEFFREY T. SPRUNG, WSBA #23607    David A. Cortman
MARTA DELEON, WSBA #35779      15100 N 90th Street

10   Assistant Attorneys General         Scottsdale, AZ 85260
800 Fifth Avenue, Suite 2000       (480) 444-0020

11   Seattle, WA  98104               KTheriot@adflegal.org
(206) 464-7744

12   paul.crisalli@atg.wa.gov
jeff.sprung@atg.wa.gov          *Attorneys for Plaintiff*

13   marta.deleon@atg.wa.gov

14   *Attorneys for Defendants*

15      PURSUANT TO THE STIPULATION,

16      IT IS SO ORDERED.

17      DATED this 25th day of April, 2022.

18

19

20   BENJAMIN  H.  SETTLE
United States District Judge

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
REGARDING DISCOVERY NO. 3:19-cv-
05181-BHS          16          ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1
2
3
4
5
6
7                                                          The Honorable Benjamin H. Settle
8                    **UNITED STATES DISTRICT COURT**
                    **WESTERN DISTRICT OF WASHINGTON**
9                              **AT TACOMA**
10   CEDAR PARK ASSEMBLY OF GOD OF          NO. 3:19-cv-05181-BHS
     KIRKLAND, WASHINGTON,
11                                          ACKNOWLEDGMENT AND
                          Plaintiff,        AGREEMENT TO BE BOUND
12                                          **(EXHIBIT A)**
          v.
13
     MYRON "MIKE" KREIDLER, et al.,
14
                          Defendants.
15

16          The undersigned hereby acknowledges that he/she has read the Stipulated Protective
17
     Order dated April 13, 2022 in the above-captioned action and attached hereto, understands the
18
     terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction
19
     of the United States District Court for the Western District of Washington in matters relating to
20
     the Protective Order and understands that the terms of the Protective Order obligate him/her to
21
     use materials designated as Confidential, Highly Confidential, and Confidential Protected Health
22
     Information in accordance with the Order solely for the purpose of the above-captioned action,
23
24   and not to disclose any such Confidential, Highly Confidential, and Confidential Protected

25   Health Information to any other person, firm or concern.

26

ACKNOWLEDGMENT AND AGREEMENT                 1              ATTORNEY GENERAL OF WASHINGTON
TO BE BOUND **(EXHIBIT A)**                                        Complex Litigation Division
NO. 3:19-cv-05181-BHS                                              800 Fifth Avenue, Suite 2000
                                                                    Seattle, WA 98104-3188
                                                                        (206) 464-7744

1       The undersigned acknowledges that violation of the Stipulated Protective Order may

2   result in penalties for contempt of court.

3       Name:            _____

4       Job Title:        _____

5       Employer:        _____

6
        Business Address:      _____
7

8                              _____

9                              _____

10  Date: _____        _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## **DECLARATION OF SERVICE**

2     I hereby declare that on this day I caused the foregoing document to be electronically

3  filed with the Clerk of the Court using the Court's CM/ECF System which will send notification

4  of such filing to the following:

5     Kevin H. Theriot
      David A. Cortman
6     Alliance Defending Freedom
      15100 N 90th Street
7     Scottsdale, AZ 85260
      (480) 444-0020
8     KTheriot@adflegal.org

9     *Attorneys for Plaintiff*

10     I declare under penalty of perjury under the laws of the State of Washington that the

11  foregoing is true and correct.

12     DATED this 21st day of April 2022, at Seattle, Washington.

13                                              */s/ Paul M. Crisalli*
                                              PAUL M. CRISALLI, WSBA #40681
14                                              Assistant Attorney General

15

16

17

18

19

20

21

22

23

24

25

26