# Exhibit 6

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CEDAR PARK ASSEMBLY OF GOD OF KIRKLAND, WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MYRON "MIKE" KREIDLER, in his official capacity as Insurance Commissioner for the State of Washington; JAY INSLEE, in his official capacity as Governor of the State of Washington,<br><br>Defendants. | Civil No. 3:19-cv-05181<br><br>**DECLARATION OF STEVEN ORCUTT** |

Steven Orcutt, upon oath and affirmation, hereby deposes and says:

1. I have personal knowledge of all of the facts in this declaration.

2. I am the Chief Financial Officer for Cedar Park Assembly of God of Kirkland Washington.

3. As CFO, I oversee the financial operations of Cedar Park, prepare budgets, and monitor revenues and expenses. I'm also responsible for human resources and payroll – including evaluating employee health insurance plans.

4. I have a bachelor's degree in economics and master's degree in hospital and healthcare administration.

5. Cedar Park currently has 265 employees eligible for our health insurance benefit.

DECLARATION OF STEVEN ORCUTT — 1

6. When SB 6219 took effect in 2019, Cedar Park had approximately 185 eligible employees.

7. Approximately 111 Cedar Park employees took advantage of Cedar Park's medical insurance benefit in 2019 and about 140 do so now.

8. For the 2019-20 plan year, we did not receive six or seven bids from insurance companies offering health insurance plans consistent with Cedar Park's religious beliefs. Instead, eight carriers were invited to bid fully insured plans. Three chose not to bid, and 3 were uncompetitive - leaving only Kaiser Permanente and Cigna.

9. Excepting only self-insurance, none of the plans we were aware of for the 2019-20 plan year and none since that time accommodate Cedar Park's religious beliefs. All others would have facilitated access to abortion and abortion causing drugs through, or as a result of, the Church's plan which would violate Cedar Park's religious beliefs.

10. Because level-funded plans are a hybrid between self-insurance and fully funded plans, they aren't statutorily exempt from SB 6219 like self-insurance. The information we were provided by our broker is that employer-sponsored self-funded insurance is the only option available to us that exempts abortion and abortifacients.

11. For example, 2019 emails from Cigna made contradictory statements indicating its proposed level-funded and fully insured plans must cover abortion and abortifacients, but that Cedar Park could exclude them. Our broker and other professional advisers advised us that Cigna could not in fact completely exclude them and they would still be part of our health insurance plan because of SB 6219's requirements.

12. For example, our broker told us that if abortifacients were excluded, enrollees in Cedar Park's health plan would use the same insurance card to obtain abortifacients as non-objectionable drugs. August 8, 2010 email from Hansen to Orcutt, ECF No. 92 at 216.

13. And health plan documents would include notice to Cedar Park employees of how to obtain abortion and abortifacients as part of their coverage.

14. So despite some Cigna statements to the contrary, Cedar Park's health plan would be directly and indirectly providing access to objectionable coverages to our employees - unlike before SB 6219 when Kaiser Permanente and most other carriers were willing and able to completely exclude abortions and abortifacients for churches.

15. None of the insurance options we were aware of for the 2019-20 plan year (and none of our insurance options since then) were comparable to the Kaiser Permanente plan we no longer have access to because of SB 6219. They either did not provide comparable coverage, were too expensive, limited access to medical providers, and/or would result in exorbitant costs in future years.

16. For example, for plan year 2019-20
   a. Kaiser offered a 5% enhanced coinsurance after deductible for Office and Specialist Visits which no other carrier offered;
   b. Cigna plans included a $4,500/$9,000 higher out of network Annual Deductible than Kaiser;
   c. Cigna provided no out of network coverage for preventive care, while Kaiser's plan did.

17. The fact that Cigna did not even quote a fully insured plan for our 2020-21 plan year (or any year thereafter) proves Cigna's proposed fully insured plan for 2019-20 was not a viable option because they would not have offered it the next year or it would have been too expensive. This was likely because of claims exceeding $1,840,000 for one of our employee's children in plan years from 2019 through 2021.

18. Both self-funded and level-funded plans provide fewer benefits than fully insured plans.

19. Fully insured plans have the valuable benefit of placing all of the risk of costs exceeding premiums on the insurance carrier.

20. Both a self-funded plan and a level-funded plan shift some or all of the risk of costs

DECLARATION OF STEVEN ORCUTT — 3

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

exceeding premiums from the insurance company to the purchaser of the coverage. Cedar Park would have to assume some or all of the risk when insurance utilization exceeds premiums collected.

21. For self-funded plans 100% of the risk of claims exceeding premiums would have been assumed by Cedar Park.

22. For level-funded plans, in the first year the insurance company would assume all of the risk of claims exceeding premiums. However, those losses would be passed on to Cedar Park in higher premiums in subsequent years.

23. For both self-funded and level-funded plans, after a year when costs exceed premiums, the next year Cedar Park would have to pay more for the same coverage.

24. With a level-funded plan like Cigna's, Cedar Park would pay more over time because Cigna raises the second year premiums to make up for the prior year's loss. For example, Cigna's 2020-21 bid increased the level-funded premiums because of Cedar Park's high utilization of insurance during 2019-20.

25. Although Cigna bid a level-funded plan for the 2019-20 plan year that was $2,933 cheaper than Kaiser Permanente's fully funded plan, it raised the level-funded cost in its 2020-21 bid by $227,544 (24.9%). That made it $41,833 more expensive than Kaiser's 2020-21 fully insured bid.

26. With a self-insured plan, Cedar Park would have had to purchase a Stop Loss Insurance Policy to cover any insurance costs for an individual Cedar Park employee during a given calendar over a set amount - usually $100,000. After a year like 2019-20, when Cedar Park had a covered person spend upwards of $1,000,000, the Stop Loss Insurance Company would raise the premiums significantly the next year.

27. Our broker informed us that a self-insured plan's second year costs (2020-21) would have likely been at least an additional $200,000 more than the $243,125 estimated 2019-20 cost. And by year three (2021-22) an additional $200,000 because of claims exceeding $1,840,000

DECLARATION OF STEVEN ORCUTT

4

ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020

1  for one of our employee's children in plan years from 2019 through 2021.

2      28.    Our broker was concerned we would not even be able to get the Stop Loss Insurance needed for a self-insured plan after a 2019-2020 plan year $1,000,000 claim for that child.

    29.    In 2019-20, the Cigna level-funded plan would have required all of our employees and family members using Kaiser HMO (more than half (61%) of Cedar Park's insureds) to switch medical providers.

    30.    SB 6219's abortion mandate caused much confusion among health insurance carriers, brokers, and purchasers. In 2019 it was nearly impossible, and even since then it's been difficult, to get clear answers on whether plans exclude abortion and abortifacients.

    31.    Short term, limited purpose plans; supplemental Medicare; supplemental Tricare; property/casualty liability; and supplemental Medicare part D are not insurance options for an employee group health insurance plan for numerous reasons, including that they don't provide the comprehensive benefits our employees need.

I hereby declare under penalty of perjury, including pursuant to 28 U.S.C. § 1746, that the foregoing factual allegations are true and correct.

Executed on this 7th day of February, 2023 in Bothell, Washington.

*s/ Steven Orcutt*
Steven Orcutt
Chief Financial Officer

DECLARATION OF STEVEN ORCUTT      5      ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020