1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

CEDAR PARK ASSEMBLY OF GOD OF
KIRKLAND, WASHINGTON,

                    Plaintiff,

        v.

MYRON "MIKE" KREIDLER, et al.,

                    Defendants.

NO. 3:19-cv-05181-BHS

DEFENDANTS' MOTION FOR
SANCTIONS UNDER RULE 11

NOTE ON MOTION CALENDAR:
MARCH 31, 2023

## I.        INTRODUCTION

This is the rare situation when Rule 11 warrants sanctions. Cedar Park ostensibly brought this case to ensure that it could purchase a health insurance plan that excluded coverage for abortion and certain contraceptives. Defendants have been adamant that Washington law allowed them to do so. The facts are now clear. Defendants were correct all along.

At the same time that the parties in this case were litigating whether Cedar Park had alleged an injury in fact and while Cedar Park and its Pastor claimed under penalty of perjury that it would cost an additional $243,125 to obtain a plan that excluded coverage for abortion and contraceptives, Cedar Park had received offers from at least five carriers for plans that excluded coverage for abortion and contraceptives. Two of those offers were *cheaper* than the

DEFENDANTS' MOTION FOR
SANCTIONS UNDER RULE 11 --
NO. 3:19-cv-05181-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   plan offered by Cedar Park's existing carrier, Kaiser Permanente. But neither Cedar Park nor its

2   Pastor disclosed any of these facts.

3        Cedar Park knew about such plans before filing the operative complaint. Cedar Park, its

4   Pastor and Chief Financial Advisor, and its attorneys never told this Court nor the Ninth Circuit.

5   The Ninth Circuit then relied upon Cedar Park's false allegations as its core reasoning to hold

6   that Cedar Park had sufficiently alleged that it suffered an injury in fact traceable to the

7   Defendants, which we now know to be wrong. Defendants didn't learn about any of this until

8   recent discovery.

9        When Defendants pointed out these facts in its renewed February 6, 2023 motion to

10   dismiss, Cedar Park paltered, arguing that its lawsuit was about something different than it pled.

11   Despite only complaining in this lawsuit about *paying* for coverage for abortion and

12   contraception, Cedar Park now claims that its case is actually about Cedar Park's injury from its

13   employees learning about access to the objected services through third parties regardless of

14   whether Cedar Park paid for coverage for these services. This is unsupported by the prior

15   pleadings. Despite amending its complaint multiple times, Cedar Park did not plead that it

16   suffered injury merely because its employees had access to information about obtaining the

17   services to which Cedar Park objected.

18        Cedar Park's lawsuit was about it having to pay for coverage for abortion and

19   contraception, but it and its attorneys knew it had no injury in fact. The facts show that there

20   were at least two options available to Cedar Park that were cheaper than Kaiser's and that

21   excluded *coverage* of those services. Emails between Cedar Park and its broker show that Cigna

22   expressly stated that both its fully insured and level-funded options would exclude coverage for

23   abortion and certain contraceptives. Those services are provided "outside" the plan. Cedar Park's

24   newly claimed injury is not justiciable, as Cedar Park cannot claim injury from its employees

25   learning about access to the services outside of the plan offered to Cedar Park

26

DEFENDANTS' MOTION FOR
SANCTIONS UNDER RULE 11 --
NO. 3:19-cv-05181-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Cedar Park manufactured the facts to fit an untrue story that Washington law would not respect religious views. They repeated those untrue statements in pleadings, despite all evidence to the contrary, which led to years of needless litigation. The Court should award Rule 11 sanctions against Cedar Park, its Pastor and CFO, and its attorneys.

## II.    RELIEF REQUESTED

The Court should sanction Cedar Park, its Pastor and Chief Financial Officer, and its attorneys, and award the Defendants their costs and fees for litigating this matter.

## III.    FACTS

Defendants' renewed motion to dismiss, along with the filed declarations and exhibits, set forth the facts relevant to this motion. This fact section will provide a brief summary to provide context for the motion.

In March 2019, Cedar Park brought a lawsuit challenging Washington's Reproductive Parity Act, Senate Bill 6219, as violating its freedom of religious expression. Dkt. # 1. Central to Cedar Park's complaint were the allegations that SB 6219 "forces Cedar Park to choose between violating state law and violating its deeply held religious beliefs by paying for abortion coverage;" that SB 6219 required churches and other religious employers to provide insurance coverage for abortion, against their religious beliefs; that it would cost $243,125 in additional costs to become self-insured to exclude coverage of abortion and certain contraceptives, which "is not a viable option;" and that offering group health insurance is Cedar Park's only viable option. *Id.*

Throughout this case, Defendants have maintained that SB 6219 did not prohibit Cedar Park from purchasing a plan that excluded coverage for abortion and certain contraceptives, and that Cedar Park could negotiate for a plan excluding coverage for services that Cedar Park believed to be contrary to its religious beliefs. But through subsequent complaints, declarations, briefs to the Ninth Circuit, and briefs on remand, Cedar Park

DEFENDANTS' MOTION FOR
SANCTIONS UNDER RULE 11 --
NO. 3:19-cv-05181-BHS

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   maintained it was forced to choose between violating the law and purchasing a plan that provided

2   coverage for abortion and certain contraceptives, contrary to its religious beliefs.

3         By at least June 10, 2019, Cedar Park knew that it had solicited eight bids for 2019-2020

4   plans. Dkt. # 92, Ex. K at 227; Dkt. # 93-6, ¶ 8. Five responded, and two were competitive:

5   Kaiser and Cigna. *Id.* That same day, Cedar Park received a benefits analysis and

6   recommendation presentation providing two plans offered by Cigna that would accommodate

7   Cedar Park's religious beliefs, a fully insured option and a level-funded option. Dkt. # 92, Ex. K.

8   The presentation expressly stated that both would exclude abortion coverage. *Id.* Both options

9   were cheaper than the negotiated rate for Kaiser's plan. *Id.*; *id.* at Ex. A at 60-61.

10        Although Cedar Park's broker might have been initially confused about whether both

11  Cigna options excluded coverage for abortion and certain contraceptives, the broker and

12  Cedar Park got their answer multiple times. The broker forwarded Cedar Park an email from

13  Cigna detailing how both self-funded and insured plans in Washington would exclude coverage

14  for abortion for religious objections. *Id.* at Ex. E. In another email, Cedar Park asked point-blank

15  whether Cigna would exclude abortion and certain contraceptives for the 2019-2020 plan year.

16  Cigna responded "Yes." *Id.* at Ex. F. The broker then asked whether the answer applied only to

17  the level-funded option. Cigna corrected him, clearly stating that both the fully insured option

18  and the level-funded option would provide the exclusion.[1] Dkt. # 96-1 at 2.

19        Despite learning this information, and its Pastor testifying that he reviewed this

20  information before deciding to remain with Kaiser, Cedar Park never corrected its pleadings nor

21  informed this Court or the Ninth Circuit. *See* Dkt. # 92, Ex. B at 111, 113. In fact, Cedar Park,

22  Pastor Smith, and its attorneys not only repeated the earlier incorrect facts but added under oath

23  more misleading facts to imply that Kaiser was Cedar Park's only viable option. These include

24  the following:

---

25        [1]Further, it appears that Cigna provided an even cheaper offer, which Cedar Park has not produced in
26  discovery, despite being responsive to requests. This proposal was supposed to be attached to an email produced by
    Cedar Park.

DEFENDANTS' MOTION FOR
SANCTIONS UNDER RULE 11 --
NO. 3:19-cv-05181-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

- July 3, 2019: A motion for leave to file a second amended complaint was filed which included the allegations that SB 6219 forced Cedar Park to choose between violating the law and violating its deeply held religious beliefs (Dkt. # 46);

- August 15, 2019: The second amended complaint was filed, including Pastor Smith's signed verification under penalty of perjury that the allegations were true and correct (Dkt. # 46);

- September 19, 2019: A declaration from Pastor Smith was filed, which stated that "Cedar Park has carefully considered its insurance options. In doing so, the Church has determined that self-insurance is not a viable option. If Cedar Park were to provide a self-insured plan, it would cost the Church roughly $243,125 more in additional costs, and that number is expected to double within the next several years due to increase in plan use." Dkt. # 50. The declaration discusses Kaiser's history as the carrier and Kaiser's refusal to provide a plan that excluded abortion and certain contraceptives;

- October 3, 2019: A motion for leave to file a supplemental complaint was filed, which adds allegations regarding communications with Kaiser and Kaiser's refusal to provide a plan. Pastor Smith signed a verification under penalty of perjury that the factual allegations in the supplemental verified complaint were true and correct (Dkt. # 51-2);

- September 20, 2020: Cedar Park's opening brief in the Ninth Circuit was filed, which argues that Cedar Park had only 18 days to act to renew a plan after learning Kaiser would not change its plan; and

- January 26, 2021: Cedar Park's reply brief in the Ninth Circuit was filed, which argues that "no meaningful religious accommodation applies to Cedar Park or its secular insurer . . .it is currently forced to cover and pay for abortion coverage in its group health plan that violates its beliefs." *Cedar Park Assembly of God of Kirkland, Wash. v. Kreidler*, No. 20-35507, 2021 WL 400029, at *11 (9th Cir. Jan. 26, 2021).

But Cedar Park, its Pastor and CFO, and its attorneys didn't stop there. Defendants brought a renewed motion to dismiss in February 2023, pointing out these uncontroverted facts. Instead of recognizing the facts and communications, Cedar Park asserted that this case was not about it being forced to pay for abortion and contraception coverage but rather was about its employees learning about access to the objected services through third parties regardless of whether Cedar Park paid for coverage for these services. This is unsupported by the record. Further, the CFO went so far as to testify that his broker and others advised that Cigna could not in fact completely exclude abortion and contraceptives: "[o]ur broker and other professional

DEFENDANTS' MOTION FOR
SANCTIONS UNDER RULE 11 --
NO. 3:19-cv-05181-BHS

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    advisers advised us that Cigna could not in fact completely exclude them and they would still be
2    part of our health insurance plan because of SB 6219's requirements." Dkt. # 93-6 at 2. This
3    statement is flatly contradicted by Cigna's email, which the CFO received, stating that they
4    would provide an exclusion for coverage of these services in both the fully insured and the
5    level-funded options.

6                                    **IV.    ARGUMENT**

7          Cedar Park, its Pastor and its CFO, and its attorneys have repeatedly argued, under oath,
8    in their operative complaints, and in declarations, that they had no viable alternative but Kaiser
9    as an insurance carrier and that SB 6219 forced Cedar Park to choose between not providing
10   health insurance for its employees or providing insurance that includes coverage of abortion and
11   certain contraceptives. Both arguments are factually incorrect, and Cedar Park knew they were
12   incorrect as late as June 2019. The Ninth Circuit even relied upon these false allegations as its
13   core reasoning to hold that Cedar Park had sufficiently alleged that it suffered an injury in fact
14   traceable to the Defendants, which we now know to be wrong. The Court should sanction
15   Cedar Park, its Pastor, and its attorneys under Rule 11.

16   **A.     The Court Should Issue Sanctions Under Rule 11**

17         Cedar Park, its Pastor, and its attorneys violated Rule 11, so sanctions are warranted.
18   Courts may impose sanctions when a filing is frivolous, legally unreasonable, without factual
19   foundation, or is brought for an improper purpose. FRCP 11(b). A court "may impose an
20   appropriate sanction" upon attorneys, law firm, or party that violated the rule or is responsible
21   for the violation. FRCP 11(c)(1). Rule 11 sanctions are limited to papers signed in violation of
22   the rule. *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1154 (9th Cir. 2002);
23   *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). When the analysis is on the
24   complaint, a district court must determine that (1) the complaint is legally or factually baseless
25   from an objective perspective, and (2) the attorney has not conducted a reasonable and competent
26   inquiry before signing and filing the complaint. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.

2005) (citing *Christian*, 286 F.3d at 1127). Rule 11 "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Presenting and relying upon a false affidavit or declaration violates Rule 11 and can subject the attorneys and party to Rule 11 sanctions. *See Havensight Cap. LLC v. Nike, Inc.*, No. CV 14-8985-R, 2015 WL 993344 (C.D. Cal. Feb. 18, 2015) (awarding sanctions against attorneys for affidavit by party including false information); *Bus. Guides v. Chromatic Commc'ns Enters., Inc.*, 119 F.R.D. 685 (N.D. Cal. 1988) (issuing sanctions against party who signed misleading affidavit).

Here, Cedar Park filed pleadings that were objectively factually inaccurate.[2] These include the second amended complaint, supplemental verified complaint, declaration of Pastor Smith, and briefs in the Ninth Circuit. Its Pastor, Jay Smith, signed the second amended verified complaint, supplemental under penalty of perjury that the facts were true and correct, which was wrong. Its attorneys signed the pleadings, prolonging the litigation to the point that the Ninth Circuit issued a decision reversing dismissal based on the premise that Cedar Park could not procure a comparable insurance plan that excludes coverage for abortion and certain contraceptives—a premise that Cedar Park, its Pastor, and its attorneys knew to be wrong.

Not only that, when Defendants pointed out these facts in its renewed motion to dismiss, Cedar Park ignored uncontroverted communications detailing the Cigna options and confirming that Cigna would provide the exclusion in both plans. Instead, Cedar Park tried to peddle an argument that the fully insured option did not include the exclusions. Dkt. # 93 at 4. Cigna clearly told Cedar Park multiple times that the fully insured plan would provide the exclusions, including directly answering that the fully insured plan would include the exclusion.

---

[2]Consistent with FRCP 11(c)(2), the Defendants served Cedar Park this motion 21 days before filing it in this Court.

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

The end result is that this case has been going through needless litigation for nearly four years. As Defendants have claimed all along, Cedar Park could purchase a plan that excluded abortion and certain contraceptives. However, Cedar Park repeatedly stated, averred, and testified otherwise to the Court and the Ninth Circuit. Cedar Park also knew that these options were actually cheaper than renewing with Kaiser and did not cost an additional $243,125, like Cedar Park repeatedly claimed under oath.

The Court should sanction Cedar Park, its Pastor and CFO, and its attorneys for submitting multiple pleadings that knowingly misstate the truth. As a result of their misconduct, Defendants, this Court, and the Ninth Circuit all wasted time and money to litigate and resolve pointless motions, a now-frivolous appeal, and needless discovery. All of which could have been avoided had they been truthful about all the material facts when they became available. The Court should award sanctions under Rule 11.

## V.   CONCLUSION

The Court should award sanctions to Defendants under Rule 11.

DATED this 17th day of February 2023.

ROBERT W. FERGUSON
Attorney General

*/s/ Paul M. Crisalli*
PAUL M. CRISALLI, WSBA #40681
Assistant Attorney General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
paul.crisalli@atg.wa.gov

MARTA DELEON, WSBA #35779
Senior Assistant Attorney General
Government Compliance & Enforcement Division
1125 Washington Street SE
Olympia, WA 98504-0100
(360) 664-9006
marta.deleon@atg.wa.gov
*Attorneys for Defendants*

DEFENDANTS' MOTION FOR
SANCTIONS UNDER RULE 11 --
NO. 3:19-cv-05181-BHS

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

## DECLARATION OF SERVICE

2        I hereby declare that on February 17, 2023 I caused Defendants' Motion for Sanctions

3    Under Rule 11 to be served, via electronic mail, on the following:

4        Kevin H. Theriot, AZ Bar #030446*
         Alliance Defending Freedom
5        15100 N 90th Street
         Scottsdale, AZ 85260
6        (480) 444-0020
         KTheriot@adflegal.org
7
         David A. Cortman, GA Bar #188810*
8        Alliance Defending Freedom
         1000 Hurricane Shoals Rd. NE
9        Suite D-1100
         Lawrenceville, GA 30040
10       (770) 339-0774
         DCortman@adflegal.org
11       *Attorneys for Plaintiff*
         *Admitted *pro hac vice*
12       I declare under penalty of perjury under the laws of the State of Washington and the

13   United States of America that the foregoing is true and correct.

14       DATED this 17th day of February 2023, at Seattle, Washington.

15

16       */s/ Paul M. Crisalli*
         PAUL M. CRISALLI, WSBA #40681
17       Assistant Attorney General

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION FOR
SANCTIONS UNDER RULE 11 --
NO. 3:19-cv-05181-BHS

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744